[No. 3031–3.   Division Three.   May 8, 1979.]

RODOLFO PENA, *Appellant*, v. C. D. THORINGTON, ET AL, *Defendants*, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., *Respondent.*

*Critchlow, Williams, Ryals & Schuster* and *Eugene G. Schuster,* for appellant.

*Nashem, Prediletto, Schussler & Halpin* and *Don W. Schussler,* for respondent.

McINTURFF, J.—This is an action by the appellant, Rodolfo Pena, against his own insurer, the respondent, State Farm Mutual Automobile Insurance Co. (State Farm), in which he seeks to deny State Farm's subrogation interest, or in the alternative, recover a pro rata share of the attorney's fees he incurred in the litigation and eventual settlement of his personal injury claim against C. D. Thorington.

Mr. Pena was injured when his car was rear–ended by a vehicle driven by Mr. Thorington. Mr. Pena received $3,376 from State Farm for his medical expenses. As a result of the automobile accident, Mr. Pena filed a personal injury action against Mr. Thorington, who was insured by Colonial Penn Insurance Co. (Colonial Penn). Prior to trial, Mr. Pena's attorney contacted State Farm by letter, offering to recover, for a fee, the latter's subrogation interest in conjunction with the insured's personal injury action. State Farm declined the offer, indicating that it intended to deal directly with Mr. Thorington's insurer, Colonial Penn.

To this end, State Farm informed Colonial Penn that it would not participate in the personal injury action filed by Mr. Pena and sought a guaranty of payment for its subrogation interest. Copies of the medical bills which State

Farm paid on behalf of its insured were forwarded to Colonial Penn. The liability of Mr. Thorington was not questioned by Colonial Penn; however, because of the impending settlement of Mr. Pena's claim, Colonial Penn suggested that State Farm coordinate with its insured. Counsel for State Farm was rebuffed in his attempt to associate with counsel for Mr. Pena approximately 2 weeks prior to trial.

Colonial Penn paid the settlement proceeds into the court registry subject to a hearing and order of disbursement by the court. Following a hearing, the court recognized a valid subrogation interest on the part of State Farm and further denied Mr. Pena's attorney's request for a pro rata reimbursement of attorney's fees incurred incident to the settlement.

According to Mr. Pena, State Farm "wants to have its cake and eat it too." State Farm rejected Mr. Pena's offer to recover the insurer's subrogation interest in connection with his personal injury action. After the case was fully developed and the defendant had admitted liability, State Farm's counsel asked to be associated as counsel in the action in order to recover its subrogation interest. The request comes too late, says Mr. Pena, therefore State Farm should be held to have waived or be estopped from recovering its subrogation interest out of the settlement proceeds. State Farm, on the other hand, argues that because Mr. Thorington's liability was clear, it arranged for payment of its subrogation interest by direct correspondence with Mr. Thorington's insurer, Colonial Penn, without the necessity of a trial. It was only after it became apparent that Mr. Pena's attorney might jeopardize this arrangement that it sought to become involved in the litigation.

Mr. Pena takes exception to the following findings of fact entered by the trial court.

Finding of fact No. 2:

The amount paid into the clerk of the court, $3,439.80, represent a subrogation interest asserted by State Farm against the settlement proceeds paid on behalf of

defendants to plaintiff. Plaintiff was an insured under State Farm Auto Liability policy and, as a direct result of the accident which is the subject of this lawsuit, State Farm made payments to plaintiff under the Personal Injury Protection Endorsement of his policy, State Farm's claim is for reimbursement in the amount of those payments.

Finding of fact No. 4:

The claim of Rodolfo Pena against C. D. Thorington was one in which Mr. Thorington's liability was clear. The claim arose out of an auto accident which occurred on September 23, 1976, wherein plaintiff's vehicle was rear–ended while slowing down preparatory to a left–hand turn on Highway 22 near its intersection with Newquist Road in Yakima County. Furthermore, the insurance company for defendants, Colonial Penn, viewed the case as one of clear liability at least as early as January 24, 1978.

Finding of fact No. 5:

At all times material, State Farm corresponded directly with adjusters for Colonial Penn, or with Colonial Penn's own attorney, in efforts to negotiate payment of State Farm's subrogation interest. Given the situation as to defendant's liability, State Farm had a reasonable basis for believing that it would be successful in recovering its claim, and that Colonial Penn would pay State Farm's interest without the necessity of State Farm participating in this litigation.

Mr. Pena does not indicate the nature of the errors committed by the trial court. Nor does he deny that the insurance policy contained a subrogation clause. While he correctly states the law with respect to waiver and estoppel as defined in *Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wn.2d 100, 455 P.2d 344 (1969), he does not point to any evidence requiring application of these doctrines. In fact, all evidence before the court is to the contrary. There is no showing on the part of State Farm of an intentional relinquishment of a known right. Nor are there facts which would make it inequitable, under the doctrine of estoppel, to allow State Farm to assert its subrogation interest. Mr.

Pena was not misled in any way by statements or conduct on the part of State Farm tending to show that it did not intend to recover its subrogation interest. Correspondence between State Farm and Colonial Penn shows that State Farm actively pursued its subrogation interest. Presumably to avoid liability by making an ex parte distribution of the settlement proceeds, Colonial Penn paid the same into the court registry. There is substantial evidence to support the court's order of disbursement. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Next, we are presented with a question of first impression, namely, whether an insured can recover a pro rata share of attorney's fees from its insurer for securing reimbursement to the insurer of its subrogation interest. In general, the answer would be yes.

■ Courts from other jurisdictions facing this question have recognized the validity of the insured's claim for attorney's fees under appropriate circumstances.[1] Oregon has stated the rule as follows:

[A]n insurer who makes a recovery from a third party for moneys paid its insured is only required to pay attorney fees which were "reasonably and necessarily incurred" to make the recovery. Absent an agreement to the contrary, an insurer is only obligated for attorney fees if it is benefited.

*Ridenour v. Nationwide Mut. Ins. Co.*, 273 Ore. 514, 516, 541 P.2d 1377, 1378 (1975).

---

[1]*Cedarholm v. State Farm Mut. Ins. Co.*, 81 Idaho 136, 338 P.2d 93, 96 (1954); *National Union Fire Ins. Co. v. Grimes*, 278 Minn. 45, 153 N.W.2d 152, 156 (1967); *Moyer & Moyer v. State Farm Mut. Ins. Co.*, 190 Neb. 174, 206 N.W.2d 644, 646 (1973); *Krause v. State Farm Mut. Auto. Ins. Co.*, 184 Neb. 588, 169 N.W.2d 601, 603–04 (1969); *United Servs. Auto. Ass'n v. Hills*, 172 Neb. 128, 109 N.W.2d 174, 177 (1961); *Tennessee Farmers Mut. Ins. Co. v. Pritchett*, 54 Tenn. App. 410, 391 S.W.2d 671, 675 (1964); *State Farm Mut. Auto. Ins. Co. v. Elkins*, 451 S.W.2d 528, 531 (Tex. Civ. App. 1970); *State Farm Mut. Auto. Ins. Co. v. Geline*, 48 Wis. 2d 290, 179 N.W.2d 815, 819–23 (1970). Contra, *Commercial Union Ins. Co. v. Scott*, 116 Ga. App. 633, 158 S.E.2d 295, 297, *reaffirmed* in *First of Georgia Ins. Co. v. Horne*, 120 Ga. App. 379, 170 S.E.2d 452 (1969). Annot., 2 A.L.R.3d 1441 (1965).

Whether the services of Mr. Pena's attorney were necessary under the circumstances is a question of fact. The trial court found for State Farm. There is substantial evidence to support this finding. This is not a situation where the insurance company through lack of diligence seeks to reap the rewards of its insured's efforts. Both State Farm and Colonial Penn viewed this case as one of clear liability on the part of Mr. Thorington. State Farm actively pursued its subrogation interest through direct communication with Colonial Penn. State Farm emphatically refused Mr. Pena's offer to recover its subrogation interest in connection with his personal injury action on at least three occasions. If the insurer decides to pursue its subrogation claim on its own, it should have the right to do so. *Engelrup v. Potter,* 302 Minn. 157, 224 N.W.2d 484, 488 (1974). The fact that State Farm had to appear at a show cause hearing regarding disbursement of the settlement proceeds does not render it liable for a portion of Mr. Pena's attorney's fees. No claim for State Farm's subrogation interest was made in Mr. Pena's complaint against Mr. Thorington. Mr. Pena's attorney was motivated to secure adequate recovery for his client and thereby attorney's fees for himself, not to obtain reimbursement for State Farm. Therefore, the claim for attorney's fees was properly denied.

Judgment of the Superior Court is affirmed.

MUNSON and ROE, JJ., concur.

Reconsideration denied May 21, 1979.

Review denied by Supreme Court August 22, 1979.