[No. 4960-4-III.   Division Three.   April 7, 1983.]

UNITED PACIFIC INSURANCE CO., *Respondent,* v.
DARNELL J. BOYD, *Appellant.*

*David E. Williams* and *Critchlow & Williams,* for appellant.

*Craig Smith, David A. Thorner,* and *Thorner, Almon, Kennedy & Gano,* for respondent.

McINTURFF, J.—Darnell Boyd appeals and United Pacific Insurance Co. cross–appeals a summary judgment determination of United Pacific's subrogation interest. We affirm in part and reverse and remand in part.

On November 1, 1976, Mr. Boyd was injured in an automobile accident with an employee of Northwest Landscaping Co. At that time, Mr. Boyd was insured by United Pacific. The policy provided:

> In the event of any payment for extended economic loss, the Company is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made. Such person must execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing to prejudice such rights.

United Pacific paid Mr. Boyd $6,200 for his lost earnings

and $2,138.84 for medical expenses. On August 14, 1978, Mr. Boyd filed suit against Northwest Landscaping seeking, among other things, the recovery of lost earnings and medical expenses. On June 12, 1978, United Pacific advised Mr. Boyd's attorney:

> we have not assigned to you for collection the above amounts paid to our insured by this company and, further, that you do not represent our interests in this matter.
>
> . . .
>
> If any settlement of this matter is made without fully protecting our interest, we will initiate legal action against Mr. Boyd and any other parties deemed necessary in order to collect our expended amount in full, plus any costs incurred by this company in order to effect collection.

The jury was instructed in the Northwest Landscaping trial to compensate Mr. Boyd for "the reasonable value of necessary medical care, treatment and services received and those reasonably certain to be required in the future; and the reasonable value of lost earnings." It returned a $14,550.91 verdict. At that time, United Pacific unsuccessfully attempted to intervene to assert its subrogation rights.

United Pacific commenced the present action to recover its subrogation interest. In opposition to a motion for summary judgment, Mr. Boyd filed an affidavit which stated:

> The payments made to me by my insurance company on account of the injuries underlying the above captioned cause did not render me whole with respect to the wage loss which such injuries occasioned. This aspect of the case is borne out by the evidence of record herein and by the materials submitted in support of its belated attempt to intervene by United Pacific Reliance. Thus, during the period of such disability, my wage loss was double the amount paid to me by that insurance company on account of "wage loss".

Mr. Boyd's attorney also filed an affidavit:

> 5. In my capacity as counsel for Mr. Boyd in *Boyd v. Northwest Landscaping* aforesaid, and as a matter of personal knowledge, I affirm that the total verdict in that

cause did not equal Mr. Boyd's proof, as to his lost wages resultant from the underlying automobile collision, which was before the jurors in that case. Therefore, I expressly contravene the position asserted by Mr. Mallard in his affidavit filed in this cause whereby he asserts that the judgment rendered in *Boyd v. Northwest Landscaping* included recovery for medical costs and loss of earnings.

6. As a result of the automobile collision referred to, Mr. Boyd sustained pain and suffering, permanent bodily disability and emotional distress, which he demonstrated to the jury by ample proof in his case against Northwest Landscaping. Such elements of damage alone more than warranted the verdict which he received in that cause.

The trial court granted United Pacific's summary judgment motion for $8,338.84. This amount was reduced by one-third to reflect the value of Mr. Boyd's attorney's services.

A summary judgment is available only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974). A material fact is a fact upon which the outcome of the litigation depends, in whole or in part. *Barber v. Bankers Life & Cas. Co.,* 81 Wn.2d 140, 500 P.2d 88 (1972). For the purposes of a summary judgment procedure, this court is required, as was the trial court, to review the material submitted for and against the motion in the light most favorable to the party against whom the motion is made. *Morris v. McNicol, supra* at 495.

Mr. Boyd contends a material fact exists as to whether he was made "whole" by the jury verdict. A party is entitled to be made whole but is not allowed a duplicate recovery. *Thiringer v. American Motors Ins. Co.,* 91 Wn.2d 215, 220, 588 P.2d 191 (1978). The general rule is that an insurance carrier is entitled to be reimbursed to the extent that its insured recovers the same loss from a tortfeasor. However, it can recover only the excess remaining after the insured has been fully compensated for his loss. *Thiringer v. American Motors Ins. Co., supra* at 219; *Mattson v.*

*Stone,* 32 Wn. App. 630, 633, 648 P.2d 929 (1982); *United Servs. Auto. Ass'n v. Winbeck,* 30 Wn. App. 769, 771, 637 P.2d 996 (1981); *Nationwide Mut. Ins. Co. v. Kelleher,* 22 Wn. App. 712, 716, 591 P.2d 859 (1979).

In his complaint, Mr. Boyd sought the recovery of medical expenses and lost earnings. The jury was instructed to fully compensate Mr. Boyd for these and determined he sustained injuries of $14,550.91. The jury determined the money necessary to make Mr. Boyd "whole". The fact Mr. Boyd has placed a greater value on his damages than the jury did does not allow him to relitigate the issue in a subsequent proceeding. We hold Mr. Boyd is collaterally estopped from denying that he was made whole by the jury verdict. *See King v. Seattle,* 84 Wn.2d 239, 243, 525 P.2d 228 (1974).

Next, Mr. Boyd contends United Pacific waived its subrogation rights by referring only to a settlement, not a trial, in the June 12, 1978, letter to his attorney. The record neither supports this contention nor raises a material issue of fact.

A waiver is the intentional relinquishment of a known right. It is necessary that the person against whom a waiver is claimed have intended to relinquish that right and his action must be inconsistent with any other intent than to waive it. Further, to constitute a waiver other than by express agreement, there must be unequivocal acts or conduct evidencing an intent to waive. *Wagner v. Wagner,* 95 Wn.2d 94, 102, 621 P.2d 1279 (1980); *Birkeland v. Corbett,* 51 Wn.2d 554, 565, 320 P.2d 635 (1958).

The letter expressly advised Mr. Boyd's attorney that United Pacific had an interest in the recovery sought by Mr. Boyd. We recognize that a settlement generally refers to the resolution of a disputed claim by mutual concession to avoid a lawsuit. *See Harding v. Will,* 81 Wn.2d 132, 138, 500 P.2d 91 (1972). However, the use of this term by the United Pacific claims adjuster fails to support an inference that United Pacific desired to relinquish or waive any of its subrogation rights.

In its cross appeal, United Pacific contends the trial court erred in allowing Mr. Boyd to recover a pro rata reimbursement of his attorney's fees. Generally, an insured who recovers its insurer's subrogation interest can recover a pro rata share of attorney's fees from the insurer. *Pena v. Thorington,* 23 Wn. App. 277, 281, 595 P.2d 61 (1979). However, the services of the attorney must have been necessary and the insurance company must have benefited. *Richter, Wimberley & Ericson, P.S. v. Honore,* 29 Wn. App. 507, 628 P.2d 1311 (1980); *Pena v. Thorington, supra* at 281.

Whether the services of the attorney were necessary and whether the insurance company benefited are questions of fact. *Richter, Wimberley & Ericson, P.S.,* at 511; *Pena v. Thorington,* at 282. Here, United Pacific argues the services of Mr. Boyd's attorney were not necessary and that it did not benefit because its claim against Northwest Landscaping's insurer would have been resolved pursuant to the intercompany arbitration agreement between the two companies. This argument is supported by the affidavit of Merle E. Mallard, a claims manager for United Pacific.

In its summary judgment order, the trial court stated:

> IT IS FURTHER ORDERED that the court finds the services of the attorney for the defendant in Benton County Superior Court cause No. 78–1676 benefited the plaintiff herein and therefore plaintiff's claim should be reduced by one–third for reasonable attorneys' fees and services rendered . . .

This was a factual determination beyond the scope of a summary judgment proceeding. CR 56; *Klinke v. Famous Recipe Fried Chicken, Inc.,* 94 Wn.2d 255, 256–57, 616 P.2d 644 (1980). Accordingly, we reverse that portion of the judgment and remand the matter for a hearing to determine whether the services of Mr. Boyd's attorney were necessary and whether United Pacific benefited from them. If the answers to these two issues are positive, the court shall determine the amount of reasonable attorney's fees.

The judgment of the Superior Court awarding United

Pacific $8,338.84 from Mr. Boyd for its subrogation claim is affirmed. The portion allowing Mr. Boyd a pro rata reimbursement of attorney's fees is reversed; the matter is remanded for proceedings as indicated in this opinion.

ROE, C.J., and MUNSON, J., concur.