[No. 8631-3-III.   Division Three.   January 12, 1988.]

DON E. ABBOTT, ET AL, *Respondents*, v. PUBLIC EMPLOYEES MUTUAL INSURANCE COMPANY, *Appellant*.

314

*William R. Hickman* and *Reed, McClure, Moceri, Thonn & Moriarty,* for appellant.

*Larry Butler* and *Butler & Lynch,* for respondents.

MUNSON, J.—Public Employees Mutual Insurance Company (PEMCO) appeals the trial court's summary judgment ordering it to proceed with underinsured motorist arbitration of Don and Tonie Abbott's claim. PEMCO contends (1) the Abbotts are not entitled to arbitration because they settled with the tortfeasor for less than the available limits of the tortfeasor's liability policy; and (2) if arbitration is proper, it is entitled to a setoff in the amount of the liability limits against the Abbotts' damages. The Abbotts cross–appeal contending they are entitled to reimbursement for the expenses in obtaining the settlement. We affirm as modified.

On September 2, 1983, the Abbotts were injured in an automobile accident with a vehicle owned by Reesa Construction Company. The Abbotts are insured by PEMCO; Reesa is insured by American States Insurance Company with a $100,000 liability coverage. The Abbotts settled with American which agreed to a $72,000 structured settlement payment schedule which included $5,000 to PEMCO to satisfy its subrogation interest in medical payments. The Abbotts received $20,000 in 1985 and will receive $20,000 in 1992 and $27,000 in 1997. American purchased an annuity

for the future payments; its total out–of–pocket costs for the settlement was $43,695.

The Abbotts sought to recover underinsured motorist benefits from their insurer, PEMCO. They moved to compel arbitration pursuant to their policy. PEMCO moved for summary judgment contending the Abbotts could not sustain an underinsured motorist claim in that Reesa was not an underinsured motorist. Alternatively, PEMCO argued they were entitled to $100,000 credit against any arbitration award. The trial court denied PEMCO's motion for summary judgment, ordered the arbitration, but did not decide whether PEMCO was entitled to $100,000 credit. Both parties appeal.

"[T]here are two conditions to underinsured motorist coverage: (1) the 'covered person' must be legally entitled to recover damages; and (2) damages must exceed the limits of liability under all other applicable insurance policies." *Hamilton v. Farmers Ins. Co.,* 107 Wn.2d 721, 726–27, 733 P.2d 213 (1987); RCW 48.22.030.

As to the first condition, PEMCO notes that the affidavit of the Abbotts' attorney establishes the value of the claim as equal to the amount of the settlement. In the affidavit, the Abbotts' attorney gave the following reasons for settling the claim: (1) the difficulty in segregating Mr. Abbott's preexisting injuries from a prior accident with the injuries suffered in the 1981 accident;[1] (2) the considerable expense of a trial, considering the need for the testimony of numerous physicians and medical providers; (3) Mr. Abbott's desire to settle because of the continuing difficulties in obtaining benefits from the Department of Labor and Industries, the delay in obtaining social security benefits, and multiple lawsuits arising out of a previous accident; (4) concerns as to whether Mr. Abbott would be an effective witness; and (5) the risk that a jury could award the Abbotts less than the settlement amount. However, the

---

[1] *See Abbott v. General Accident Group,* 39 Wn. App. 263, 693 P.2d 130 (1984), *review denied,* 103 Wn.2d 1027 (1985).

reasons given for settling the claim do not support a conclusion that the Abbotts were fully compensated for their damages.

PEMCO also notes that the Abbotts have not claimed their damages exceed Reesa's policy limits. PEMCO asserts that if they were allowed to proceed to arbitration, then virtually every claim settled for less than the tortfeasor's policy limits would be subject to arbitration. This contention ignores the public policy of the underinsured motorist statute as interpreted by our Supreme Court, *i.e.,* to provide full compensation to the injured insured.

> *The intent of the statute is to provide full compensation to the injured insured under an underinsured motorist policy.* The injured insured is entitled to compensation from his underinsurer without regard to any recovery obtained from other sources and without regard to whether such recovery exhausts any coverage provided by the liability insurers of the tortfeasor, until the injured insured's underinsurance policy limits are reached or he is fully compensated for his damages, whichever occurs first.
>
> Whether the injured insured obtains full recovery of the tortfeasor's liability insurance limits is irrelevant to the determination of underinsurance payments. Underinsured motorist coverage allows the injured insured to recover payment from the underinsurer when the "sum of the limits of liability under all . . . insurance policies . . . is less than the applicable damages which the covered person is legally entitled to recover." RCW 48.22-.030(1).

(Citation omitted. Italics ours.) *Hamilton,* at 727; *see also Elovich v. Nationwide Ins. Co.,* 104 Wn.2d 543, 550–52, 707 P.2d 1319 (1985).

While PEMCO makes an artful, comprehensive, and logical argument in support of its position, it is contrary to the Supreme Court's language in *Hamilton,* wherein the court speaks with unanimity. Thus, we must decline to adopt PEMCO's contention. However, PEMCO is correct in contending that the Abbotts are only entitled to damages

which the arbitrator finds exceed the tortfeasor's liability limits of $100,000. *Hamilton,* at 727–28.

■ Last, on their cross appeal, the Abbotts contend PEMCO should be required to pay a share of the expenses incurred by them in obtaining a settlement with American. In absence of an agreement, an insurer is obligated to pay a share of expenses only if it has benefited by the action of the insured. *State Farm Mut. Auto. Ins. Co. v. Lou,* 36 Wn. App. 838, 843, 678 P.2d 339 (1984); *Richter, Wimberley & Ericson, P.S. v. Honore,* 29 Wn. App. 507, 510, 628 P.2d 1311 (1980), *review denied,* 95 Wn.2d 1012 (1981); *Pena v. Thorington,* 23 Wn. App. 277, 281, 595 P.2d 61, *review denied,* 92 Wn.2d 1019 (1979). While the question of whether an insurer has benefited is usually for a jury, *United Pac. Ins. Co. v. Boyd,* 34 Wn. App. 372, 377, 661 P.2d 987 (1983), here it is clear PEMCO has not benefited from the settlement because it did not affect its obligation to provide underinsured motorist benefits. There being no basis for requiring PEMCO to share in the expenses of obtaining the settlement, it is not required to do so.

The judgment is affirmed as modified.

McINTURFF, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court May 4, 1988.