[No. 8759-0-III. Division Three. November 22, 1988.]

TERESA A. O'NEAL, ET AL, *Appellants,* v. ARLENE M. LEGG, ET AL, *Defendants,* AMERICAN MOTORISTS INSURANCE COMPANY, *Respondent.*

*Steven Jones, Patrick Risken,* and *Feltman, Gebhardt, Eymann & Jones,* for appellants.

*Seaton Daly, Jr.,* and *Daly & Daly,* for respondent.

THOMPSON, C.J.—Teresa and Jerome O'Neal appeal a judgment ordering them to reimburse their insurer, American Motorists Insurance Company, $1,549.48 for payments American made to Mrs. O'Neal under the personal injury protection (PIP) endorsement of their policy. The judgment represents American's subrogation interest, minus a proportionate share of attorney fees and statutory costs, in a verdict the O'Neals obtained against a negligent third party. On appeal, the O'Neals contend the court should

have limited American's judgment to $165.91, the amount left after attorney fees and litigation expenses had been deducted from that verdict. We affirm.

The PIP payments were for Mrs. O'Neal's medical/health care expenses following an automobile accident in 1982. These payments totaled $2,549.48. In 1984, the O'Neals brought an action for damages against the driver who allegedly caused the accident. In that action, Mrs. O'Neal sought recovery for medical costs already incurred and also for injuries she claimed left her in pain and interfered with her employment and usual activities.

On July 18, 1984, American's claims representative notified Mrs. O'Neal's attorney by letter that the company was subrogated in an amount equal to its PIP payments to the O'Neals' right of recovery for damages for personal injury. The letter concluded:

> We have notified State Farm [the third party's insurer] directly regarding these rights. This matter is further controverted [sic] we will of course pursue these damages of our [own] accord and if necessary will file for arbitration through our inter–company agreements. Please advise us when and if settlement nears.

The O'Neals' action was tried to a jury in 1985. They obtained a verdict of $9,000, plus an award of statutory costs of $581.10. Both American and the O'Neals agree that the verdict included damages covered by American's PIP payments. Nevertheless, out of the judgment for $9,581.10, the O'Neals paid $3,171 for attorney fees pursuant to a one–third contingent fee agreement, and $6,244.19 for trial expenses. The latter expenses were primarily for expert witnesses called in support of Mrs. O'Neal's claim for continuing damages, rather than for her claim for medical bills.[1] The amount left after deduction for attorney fees and litigation expenses was $165.91.

In 1987, American intervened in the O'Neals' action for the purpose of having the court declare its right to

---

[1] This fact was clarified by this court's questioning of the O'Neals' counsel during oral argument.

$2,549.48 of the judgment. It relied on the following clause in its insurance policy:

> In the event of payment to any person of any benefits under this endorsement:
> (a) The Company shall be entitled to the *proceeds* of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made to the extent the damages recovered include any expense, amount or payment for which such benefits were paid;

(Italics ours.)

The court determined that American was entitled to judgment against the O'Neals in the amount of $2,549.48, minus $1,000 for American's pro rata share of attorney fees and *statutory,* but not trial, costs. Since the PIP payments totaled 27 percent of the $9,000 jury verdict, the court held American's pro rata share of the attorney fees and statutory costs was also equal to 27 percent of the amounts for those two items. Therefore, it entered judgment for American in the amount of $1,549.48.

The O'Neals contend "proceeds of any . . . judgment", as used in the insurance policy, means net proceeds, *i.e.,* the amount left after deduction of all the costs of litigation. They focus on a Louisiana case which interpreted "proceeds" in this manner. *Liberty Mut. Ins. Co. v. Weinberger,* 329 So. 2d 254, 256 (La. Ct. App. 1976) (not followed as dicta in *Smith v. Manville Forest Prods. Corp.,* 521 So. 2d 772, 776–77 (La. Ct. App. 1988)). *See also Remsen v. Midway Liquors, Inc.,* 30 Ill. App. 2d 132, 174 N.E.2d 7 (1961). There, the insurer contended it was entitled to full reimbursement up to the amount of the proceeds paid. *I.e.,* the insurer contended it was entitled to all $6,625 of the proceeds rather than $4,400, the amount left after payment of attorney fees expended in making the recovery. *Remsen,* 174 N.E.2d at 14. The court noted that it is a matter of common knowledge that attorneys charge for their services. Thus, it held:

The only equitable construction to place on the word "proceeds" is that it means what the litigant would actually receive after the reasonable cost of the proceeding including attorneys' fees.

*Remsen,* at 149.

It appears that the court in *Remsen* was doing in an indirect way what it later did more directly in *Lemmer v. Karp,* 56 Ill. App. 3d 190, 371 N.E.2d 655 (1977). In *Lemmer,* the court deducted from the subrogated interest a proportionate share of expenses incurred for the benefit of the insurer. *Lemmer,* 371 N.E.2d at 658–59. *And see Baier v. State Farm Ins. Co.,* 66 Ill. 2d 119, 361 N.E.2d 1100, 1103 (1977), where the court rejected the contention that the decision in *Remsen* meant that, after the deduction of costs and attorney fees, the subrogated claim would be paid in full from the net recovery.

In summary, *Remsen,* when read in the context of the cases which follow it, seems to have more to do with requiring an insurer to bear a fair portion of the costs of litigation than it has to do with providing an across–the–board definition of "proceeds".

 We disagree with the O'Neals' interpretation of "proceeds". Terms in an insurance policy are given their plain, ordinary and popular meaning, and the courts will not modify clear and unambiguous language under the guise of construing the policy. *Federated Am. Ins. Co. v. Strong,* 102 Wn.2d 665, 670, 689 P.2d 68 (1984); *Transport Indem. Co. v. Sky–Kraft, Inc.,* 48 Wn. App. 471, 487, 740 P.2d 319 (1987). The *Random House Dictionary of the English Language* 1542 (2d ed. 1987) defines "proceeds" as:

a. something that results or accrues b. the total amount derived from a sale or other transaction . . . c. the profits or returns from a sale, investment, etc.

The plain and ordinary meaning of "proceeds of any . . . judgment" is the total amount recovered as a result of the

judgment, not a lesser amount.[2] We note even the O'Neals find it necessary to add "net" before "proceeds" in order to limit "proceeds" to the meaning they advocate.

Next, the O'Neals argue American should pay a share of the litigation expenses, as well as the attorney fees and statutory costs. However, in Washington, a subrogee is liable for legal fees and expenses incurred by a subrogor only if those expenses were necessary to make the recovery.

For example, in *Pena v. Thorington,* 23 Wn. App. 277, 595 P.2d 61, *review denied,* 92 Wn.2d 1019 (1979), we adopted the following rule from *Ridenour v. Nationwide Mut. Ins. Co.,* 273 Or. 514, 516, 541 P.2d 1377, 1378 (1975):

> [A]n insurer who makes a recovery from a third party for moneys paid its insured is only required to pay attorney fees which were "reasonably and necessarily incurred" to make the recovery. Absent an agreement to the contrary, an insurer is only obligated for attorney fees if it is benefited.

*Pena,* at 281. The determination of whether the attorney's services are necessary is a question of fact. *Pena,* at 282. In *Pena,* at 280, the trial court had found:

> State Farm [the insurer] corresponded directly with adjusters for Colonial Penn [the tortfeasor's insurer], or with Colonial Penn's own attorney, in efforts to negotiate payment of State Farm's subrogation interest. Given [the fact the tortfeasor's liability was clear] State Farm had a reasonable basis for believing that it would be successful in recovering its claim, and that Colonial Penn would pay State Farm's interest without the necessity of State Farm participating in this litigation.

This court held there was substantial evidence to support this finding and, consequently, upheld the trial court's judgment denying the insured's claim for attorney fees. *Pena,* at 282. *See also State Farm Mut. Auto. Ins. Co. v.*

---

[2]The record reflects the O'Neals' attorney received a check from the tortfeasor's insurer for $9,581.10, the full amount of the judgment.

*Lou,* 36 Wn. App. 838, 678 P.2d 339 (1984); *United Pac. Ins. Co. v. Boyd,* 34 Wn. App. 372, 377, 661 P.2d 987 (1983); *Richter, Wimberley & Ericson, P.S. v. Honore,* 29 Wn. App. 507, 510–11, 628 P.2d 1311 (1980), *review denied,* 95 Wn.2d 1012 (1981).

Here, the trial court's judgment conformed with the law as set forth in *Pena.* The court held American should bear a reasonable and pro rata share of statutory costs and attorney fees. While it did not mention the trial expenses in its original order, it stated in its order denying the O'Neals' motion for reconsideration:

> [T]he award made towards American Motorists Insurance Company's claim in subrogation has, in fact, been reduced by what the Court felt that it should bear in the way of a share of statutory court costs and plaintiffs' attorneys fees, and thus that *the equities of the case have been recognized.*

(Italics ours.) In a subsequent order clarifying the original order, the court noted the O'Neals incurred actual litigation expenses of $6,044.19, but adhered to its first ruling which did not require American to bear a share of these expenses. The import is that the trial court did not consider it equitable to assess American a portion of litigation expenses because those expenses were not necessary to recover its subrogation interest. We agree and affirm the judgment.[3]

Finally, we address the request for attorney fees on appeal made by American in its brief. Counsel has not complied with RAP 18.1. Specifically, he has not submitted an affidavit in support of the fee request, nor did he ask for fees during oral argument. We must assume American has abandoned its claim for fees on appeal.

---

[3]We need not address the O'Neals' argument that an insurer should not be allowed to withdraw its subrogation claim from a plaintiff's action for damages and thereby force a plaintiff to split its causes of action. By implication, the trial court's holding recognized the O'Neals' right to include the subrogation claim in their damage action. Otherwise, it would not have imposed liability on American for a portion of the attorney fees and statutory costs.

In any event, the request is based on RCW 4.84.290[4] which is part of a chapter providing for the award of reasonable attorney fees to a prevailing party when the claim is under a certain amount and the party has made an offer of settlement prior to trial. There is no record of an offer of settlement made by American here. We would therefore deny American's request for fees even if it had complied with RAP 18.1.

Affirmed.

GREEN and MUNSON, JJ., concur.

Reconsideration denied December 16, 1988.

Review denied by Supreme Court March 28, 1989.

---

[4]RCW 4.84.290 provides:

"If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: . . ."