[No. 24972-0-I.   Division One.   February 4, 1991.]

SYLVIA RONES, *Respondent,* v. SAFECO INSURANCE COMPANY OF AMERICA, *Appellant.*

*Timothy J. Whitters, Jackson Schmidt,* and *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* for appellant.

*J. Porter Kelley* and *Prince, Kelley, Newsham & Marshall, P.S.,* for respondent.

SCHOLFIELD, J.—Respondent Sylvia Rones brought suit against appellant Safeco on November 10, 1988, alleging breach of contract and seeking a determination that Safeco was required to pay her damages for injuries suffered in a 1984 auto accident. Rones carries an auto liability policy with Safeco. Both parties moved for summary judgment. The trial court denied Safeco's motion, but granted Rones' motion for partial summary judgment, holding that her claim was covered under the 1984 insurance policy and that she had 6 years from the date of Safeco's denial of liability under the contract in which to bring suit. Safeco now appeals. We reverse.

FACTS

Rones was injured in an auto accident on November 6, 1984. At the time of the accident, she was riding as a passenger in her own vehicle. The driver of the car, Eric Carlson, crossed over the center line into oncoming traffic and collided with a car driven by Sonny Anderson. Carlson had no liability insurance.

Because Carlson was the driver of Rones' car, he was a "covered person" under the terms of Rones' liability coverage with Safeco. The policy provided that Safeco would pay damages for bodily injury for which any covered person became legally responsible as the result of an auto accident. Both Rones and Anderson made claims for damages against Safeco under the liability coverage provisions.

Safeco insurance adjuster Jerry Faulkner was assigned to handle Rones' claim. Faulkner determined that Carlson was at fault in the accident. Safeco soon determined that Carlson was a "covered person" and that Carlson was liable to Rones. However, Safeco was waiting for additional information on the Rones claim in order to work toward a reasonable settlement.

From 1984 to 1987, negotiations between Rones' attorneys and Safeco continued. Rones had both underinsured motorist coverage (UIM) and liability coverage with Safeco.[1] Safeco concluded that Rones' claim was covered only under the liability portion of the policy, as the underinsured motorist provision contained an exclusion of any vehicle to which the liability insurance provisions attached.[2] In 1987, Safeco adjuster Faulkner wrote Rones'

---

[1]Rones also had personal injury protection (PIP) coverage with Safeco. Under the terms of this coverage, Safeco paid 40 percent of Rones' medical bills for a 3-year period following her November 6, 1984, accident. Rones had been involved in two separate auto accidents in 1984, and 40 percent of her ongoing medical expenses were attributed to the accident of November 6.

[2]In August 1990, after the briefs were filed in this case, the Supreme Court decided *Tissell v. Liberty Mut. Ins. Co.*, 115 Wn.2d 107, 795 P.2d 126 (1990),

attorneys several letters requesting both medical records pertaining to Rones' injuries and proposals for settlement. In a letter dated June 10, 1987, Faulkner wrote, "I would request your thoughts concerning settlement. Please reduce it to writing as it appears time to conclude this matter." On July 16, 1987, Faulkner wrote, "As I informed you earlier, Ms. Rones' claim for this accident comes under the liability portion of the policy for automobile bodily injury. I trust you will forward the necessary information as promised earlier so that we might evaluate this rather than filing the action." Finally, on September 3, 1987, Faulkner wrote, "I have written you and Mr. Newsham on several occasions requesting your thoughts concerning settlement. . . . Please forward the needed information to either Shawn or myself for evaluation."

The 3–year statute of limitations on Rones' claim against Carlson expired on November 6, 1987. Rones failed to commence a lawsuit against Carlson within that 3–year period. In December 1987, a demand for settlement of Rones' claims was presented to Safeco. Safeco denied the demand on January 8, 1988, stating that the statute of limitations for Rones' claim against Carlson had expired on November 6, 1987, 3 years from the date of the accident. Rones subsequently brought suit against Safeco on November 10, 1988, seeking damages on a theory of breach of contract. The trial court granted partial summary judgment in favor of Rones, finding that the insurance policy provided coverage for her claim and that she had 6 years from the date of Safeco's denial of coverage under the contract in which to bring an action.

---

holding invalid an insurance policy exclusion against recovery from both the liability and underinsured motorist portions of a single policy as applied to a claimant who is also a named insured. The issue of Safeco's liability to Rones under the UIM coverage has not been raised by either party and is not addressed in this opinion.

### 3-YEAR STATUTE OF LIMITATIONS APPLIES TO RONES' CLAIM BASED ON LIABILITY OF CARLSON

Rones' theory before the trial court and on appeal is based on a Safeco policy provision providing:

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.

Rones argues that the claim against Safeco is a contractual claim to which the 6–year statute of limitations applies and cites *Safeco Ins. Co. v. Barcom,* 112 Wn.2d 575, 773 P.2d 56 (1989) in support of her argument. In *Barcom,* the insured was seeking recovery under the underinsured motorist provisions of his policy with Safeco. The specific policy provision relied upon by Barcom promised to

pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by accident.

*Barcom,* at 579.

The 6–year statute of limitation applies to "(1) [a]n action upon a contract in writing, or liability express or implied arising out of a written agreement." RCW 4.16.040.

In *Barcom,* Safeco argued the insured could not recover because he first had to prove he was "legally entitled" to recover damages from the uninsured motorist and that he could not prove legal entitlement because the 3–year statute of limitations barred his claim against the tortfeasor.

The *Barcom* court rejected Safeco's argument on the basis that a UIM claim is a first party claim made by an insured against his insurer, and being a claim based on a contractual promise, the 6–year statute applied in the absence of an agreement to a different limitation.

At page 580, the *Barcom* court stated:

We are, however, thoroughly unpersuaded that the parties agreed to displace the applicable contract statute of limitation based solely upon this language pertaining to coverage.

■■ The holding in *Barcom* is not helpful to Rones because of the difference between the nature of the claim asserted by Barcom and that asserted by Rones. Rones is

not asserting a first party UIM claim, but a claim based on the fact that Safeco insured the liability of Carlson. In pursuing this claim, Rones is in the status of a third party claimant. As is the case with other third party claimants, there is no right of action directly against the insurer until the tortfeasor's liability for a fixed amount of damages has been established. The relationship between the claimant and the tortfeasor is noncontractual. This fact is recognized in *Barcom,* at 581:

> While it is true, as Safeco argues, that a UIM insurer steps into the shoes of the tortfeasor, blind application of this rule disregards the very real distinctions between the insured/insurer relationship and the plaintiff/tortfeasor relationship. *Most noticeably, no contract exists between a plaintiff and his or her tortfeasor compelling payment of damages following an accident.*

(Italics ours.)

Rones' theory of recovery is through the liability provisions of the policy. She is seeking damages caused by Carlson's negligence. Pursuing this avenue of recovery, Rones is in the same position as any other third party claimant with a claim against an insured person. In order to be able to recover from the tortfeasor's insurer, the third party claimant must prove the tortfeasor's legal liability to the claimant. There is no contractual relationship between a third party claimant and the tortfeasor's insurer. Nothing in the Safeco policy gives Rones a cause of action any different from that of any other third party claimant. The claim against Carlson is a tort claim to which the 3–year statute of limitations applies.

## No Action Clause

Another factor distinguishing this case from *Barcom* is a policy provision contained in the "General Provisions" of the policy, which reads as follows:

> [U]nder the Liability Coverage, no legal action may be brought against us [the insurer] until we agree in writing that the covered person has an obligation to pay or until the amount of that obligation has been finally determined by judgment after trial.

This standard auto liability policy provision is termed a "no action" clause. One of its purposes is to eliminate suits against the insurer by persons who have not established legal liability of the insured to them. 12A G. Couch, *Insurance* § 45:859 (2d rev. ed. 1981). "No action" clauses require, as a condition precedent to a direct action against the insurer, that a final determination be made of the insured's liability to the claimant. This can be done by gaining a final judgment or by a written settlement agreement. 12A G. Couch § 45:856.

> As definitive of the rights and liabilities created under automobile liability policies, such policies frequently contain a clause commonly known as a "no action" clause, the purpose of which, generally speaking, is to withhold any liability on the part of the insurer until the happening of a certain contingency. The form of "no action" clause in common use provides that no action shall be brought against the insurer until after the determination of the liability of the insured by a final judgment or by an agreement entered into between the insurer, the insured, and the claimant. The validity of such clauses has generally been sustained, and in respect to policies containing such clauses the courts in numerous cases have denied to the injured person the right to maintain an action against the insurer, either severally or jointly with the insured, before the recovery of a judgment against the insured, or a determination of the liability of the insured by an agreement between the insurer, the insured, and the injured person. This rule has been applied even in cases where no judgment could be obtained against the insured, as where by reason of his absence from the jurisdiction he could not be served with process, or where by reason of being a governmental agency or the like, it could not be held legally liable to the injured person.

7A Am. Jur. 2d *Automobile Insurance* § 456, in part (1980).

In this case, Rones argues that the requirements of the "no action" clause have been met in that Safeco, during the pendency of Rones' claim, acknowledged that Carlson was a covered person and that he was legally responsible for the accident in which Rones was injured. Rones argues this amounts to an agreement "in writing that the covered person has an obligation to pay".

The first phrase of the "no action" clause requires an enforceable agreement made by both the claimant and

the insurer. It clearly contemplates an agreement in writing. Such an agreement would require signatures of both parties. No such agreement, or any agreement whatsoever, exists in this case. In fact, no specific settlement agreement was ever proposed by either party within the 3-year period.

Internal memorandums and file notations by one party do not rise to the level of a contract. Internal memorandums by Safeco claims people acknowledged Carlson was a covered person and was responsible for the accident. Similar memorandums and correspondence exist in numerous third party claims. They do not amount to an agreement. There is no promise to pay a specified amount, nor is there any promise by Rones to accept a specified amount in full settlement. Likewise, there is no final judgment. It follows that the "no action" clause is a complete defense to Rones' complaint against Safeco.

While the "no action" clause applies to this case, the final result would be the same without it. Rones cannot recover a judgment for damages from Safeco because she cannot prove Carlson's "legal responsibility" for the damages. Under its liability coverage, Safeco promised to pay damages for bodily injury "for which any covered person becomes legally responsible". Legal responsibility has never been established and never will be established because the 3-year statute of limitations now bars Rones' claim against Carlson.

The judgment is reversed without prejudice to whatever rights, if any, Rones may have under her UIM coverage with Safeco.

GROSSE, C.J., and FORREST, J., concur.

Reconsideration denied March 20, 1991.

Review granted at 117 Wn.2d 1001 (1991).