[No. 58145-2. En Banc. September 10, 1992.]

SYLVIA RONES, *Petitioner*, v. SAFECO INSURANCE COMPANY OF AMERICA, *Respondent*.

*Prince, Kelley, Newsham & Marshall, P.S.,* by *J. Porter Kelley,* for petitioner.

*Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* by *Timothy J. Whitters,* for respondent.

*William R. Hickman* and *Pamela A. Okano* on behalf of PEMCO, State Farm, and Mutual of Enumclaw Ins. Cos., amici curiae for respondent.

DURHAM, J. — Sylvia Rones, the named insured under an insurance policy with Safeco Insurance Company, seeks recovery from Safeco for an automobile accident where she was a passenger in her own car. The Court of Appeals, holding that the 3-year statute of limitation for torts and the policy's "no action" clause prevented her suit, reversed a summary judgment in Rones' favor. We affirm the Court of Appeals.

Sylvia Rones was injured in an auto accident on November 6, 1984, while riding as a passenger in her own car. At the time of the accident, she was the named insured under a Safeco insurance policy covering the car. The driver of the car, Eric Carlson, carried no other liability insurance. The accident occurred when Carlson crossed the center line and collided with another car.

Rones' auto insurance policy coverage included liability, underinsured motorist (UIM), and personal injury coverage. Because Carlson was the driver of Rones' car at the time of the accident, he was a "covered person" under the terms of the policy. The liability portion of the policy provided that:

> We will pay damages for bodily injury or property damage for which any *covered person* becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.

Clerk's Papers, at 51. Rones sought coverage for her own personal injuries under this provision of her Safeco policy.

Her claim was handled primarily by Jerry Faulkner, a Safeco insurance adjuster. Between 1985 and 1987, numerous letters were exchanged between Faulkner and Rones' attorney regarding the scope of the policy's coverage. Eventually, Safeco recognized that Carlson was a covered person under the terms of the insurance policy. It also recognized that Rones' claim came within the liability provisions of her policy. As Faulkner stated in a July 1987 letter, "Rones' claim

for this accident comes under the liability portion of the policy". Clerk's Papers, at 97. Throughout this period, Safeco paid Rones' medical bills under the personal injury protection portion of its policy.

Rones, however, did not present a demand for settlement under the policy's liability provision until December 1987. Safeco denied this claim on January 8, 1988, stating that the statute of limitation for Rones' claim against Carlson had expired during the previous November. Safeco claimed that it was not liable for payment under the policy because Rones' claim "is a third party claim directed against Mr. Carlson".

Rones filed suit, claiming breach of contract, violation of the Consumer Protection Act (RCW 19.86), and outrage. Her breach of contract claim was premised on the theory that Safeco breached its insurance contract with her by denying liability coverage. Safeco moved for summary judgment, claiming that the 3-year statute of limitation for torts barred the action. *See* RCW 4.16.080. Rones brought a cross motion for summary judgment claiming that her action came within the 6-year statute of limitation for contracts. *See* RCW 4.16.040. The trial court granted Rones' motion for summary judgment, finding that the 6-year contract limitation period applied, and that Rones was entitled to coverage under the policy. It denied the balance of the summary judgment motions and entered a final judgment pursuant to CR 54(b).

The Court of Appeals reversed in *Rones v. Safeco Ins. Co. of Am.*, 60 Wn. App. 496, 804 P.2d 649 (1991). It held that Rones' claim was subject to the 3-year statute of limitation. According to the Court of Appeals, the decision in *Safeco Ins. Co. v. Barcom*, 112 Wn.2d 575, 773 P.2d 56 (1989), which applied the 6-year statute of limitation to an underinsured motorist claim, was not applicable to a liability claim. It could be distinguished because:

> Rones is not asserting a first party UIM claim, but a claim based on the fact that Safeco insured the liability of Carlson.

In pursuing this claim, Rones is in the status of a third party claimant.

*Rones*, 60 Wn. App. at 500-01. The Court of Appeals stated that "[t]here is no contractual relationship between a third party claimant and the tortfeasor's insurer." *Rones*, at 501. The Court of Appeals also held that the insurance policy's "no action" clause defeated Rones' action for coverage under the policy. *Rones*, 60 Wn. App. at 502-03. It remanded the UIM issue for further consideration by the trial court. This court accepted Rones' petition for review.

The primary issue presented by this appeal is whether the 3-year statute of limitation for torts, RCW 4.16.080, or the 6-year statute for contracts, RCW 4.16.040(1), applies to Rones' action against Safeco. Rones argues that her cause of action is contractual in nature. She is suing Safeco, she says, because it breached its contractual promise to "pay damages . . . for which any *covered person* becomes legally responsible because of an auto accident." Safeco, on the other hand, argues that Rones is not suing in her capacity as the named insured, but as a third party claimant. As a result, her suit derives from her claim against the tortfeasor — Carlson — rather than from her contractual relationship with Safeco.

Interpretation of an insurance contract is a matter of law. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). When construing an insurance policy, "the goal is to give effect to the apparent clear intention of the parties." *Eurick v. PEMCO Ins. Co.*, 108 Wn.2d 338, 341, 738 P.2d 251 (1987). Although public policy counsels interpreting policies to favor insureds, we "will not modify clear and unambiguous language under the guise of construing the policy." *O'Neal v. Legg*, 52 Wn. App. 756, 760, 764 P.2d 246 (1988), *review denied*, 112 Wn.2d 1013 (1989).

Although we have never addressed the statute of limitation issue in a liability context, a similar question was presented in *Barcom*. There, two separate claimants who were insureds sought coverage under the underinsured

motorist (UIM) provisions of their respective policies. Because UIM provides "first party" coverage, this court held that the terms of the insurance contract did not displace the applicable 6-year statute of limitation for contract disputes. *Barcom*, at 579. We announced a 2-part test for resolving the limitations issue: first, does the insurer's obligation to its insured stem from the contractual agreement, and second, does the policy contain any language displacing the applicable statute of limitation. *Barcom*, at 579.

The first *Barcom* question is answered by examining the scope and nature of coverage under the policy's liability provisions. Typically, liability insurance is purchased to indemnify an insured against third party claims. It is designed to:

protect[] the insured against damages which he may be liable to pay to other persons by virtue of his own actions. One might say that liability insurance protects the insured against the monetary consequences of as much of his own tortious conduct as is addressed in the policy.

1 R. Long, *Liability Insurance* § 1.01[1] (1991). For this reason, it is often referred to as "third party" insurance. 1 R. Long § 1.01[1]. As such, liability coverage stands in contrast to so-called "first party" coverage — the type involved in *Barcom*. Whereas first party UIM coverage directly indemnifies against the insured's losses caused by the negligence of another, liability coverage indemnifies an insured against losses to another caused by the insured's own negligence.

■ The intended scope of liability coverage does not change simply because the injured party happens to be the policy's named insured. In the current case, Carlson, as the driver of Rones' car, assumed a position normally occupied by the insured herself. Rones was the party injured by Carlson's negligence. At this point, liability coverage for Rones' injuries was available. However, the availability of this coverage did not rest on Rones' status as the named insured, but rather through the negligence of a covered person, Carlson. Her privity with the insurance company was not relevant for the purposes of liability coverage. In

contrast with the first party coverage analyzed in *Barcom*, any obligation Safeco had to Rones did not stem from its contractual relationship with her, but from Carlson's tortious act.

The second *Barcom* inquiry, whether any contractual language displaces the applicable statute of limitation, also supports application of the 3-year tort limitations period. The well-established rule for this stage of the inquiry is "that absent an agreement expressly displacing existing law, the statute provided by the Legislature will pertain." *Barcom*, 112 Wn.2d at 579. Here, there is no language giving a named insured special rights over other third party victims. Therefore, the applicable 3-year statute remains in place.

■ Because Rones' liability claim is time barred, it is unnecessary to determine whether Rones could bring a direct action against Safeco, or if she is able to recover under the terms of the liability policy. Likewise, we decline to consider issues of coverage under the UIM portion of the policy and whether Safeco is estopped from claiming the 3-year statute of limitation. These issues were not raised at the trial level. As a general rule, this court will not consider an issue which was neither presented to nor considered by the trial court. *R/L Assocs., Inc. v. Seattle*, 113 Wn.2d 402, 412, 780 P.2d 838 (1989).

We affirm the Court of Appeals and remand this case to the trial court for further proceedings.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, SMITH, GUY, and JOHNSON, JJ., concur.