NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA ANDERSON and THOMAS ANDERSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant-Appellee. | No.  15-35981 <br><br> D.C. No. 3:15-cv-05159-RBL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 7, 2018
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,** District Judge.

Patricia Anderson and Thomas Anderson appeal five rulings by the district

court:  the denial of their motion to remand; the grant of summary judgment in

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

favor of State Farm; the denial of their request for additional discovery; the imposition of pre-filing requirements; and the award of costs to State Farm.[1] The parties are familiar with the facts, so we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings.

We review de novo the district court's grant of summary judgment and can affirm on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). We review for abuse of discretion the denial of additional discovery, imposition of pre-filing requirements, and award of costs. *Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015); *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014); *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

1.      The district court properly granted summary judgment. Patricia's noncooperation forecloses all but the Andersons' absolute liability claim. Patricia "substantially and materially" breached her duty to cooperate by failing to appear for trial and permitting default judgment to enter in *Anderson VII*. *Staples v. Allstate Ins. Co.*, 295 P.3d 201, 205 (Wash. 2013). Prejudice is clear from the record, because State Farm's chosen counsel would have raised a meritorious

---

[1] We address the first issue—whether the district court properly denied the Andersons' motion to remand—in an opinion filed contemporaneously with this memorandum disposition.

2

statute of limitations defense.  The record demonstrates as a matter of law that the defense would have succeeded because (1) the claims in *Anderson VII* arose from and accrued coincident with the 1998 accident; (2) a two-year statute of limitations applies (regardless whether Oregon or Nevada law applies), Or. Rev. Stat. § 12.110(1); Nev. Rev. Stat. § 11.190(4)(e); (3) a decade passed between the accident and the date Thomas filed *Anderson VII*, during which more than three years passed with no pending lawsuit that could have tolled the statute of limitations; (4) even if Oregon's 180-day savings statute applies, it expired during each of the periods between lawsuits and cannot be invoked successively, Or. Rev. Stat. § 12.220; and (5) the Andersons have not advanced or factually supported any other theory of tolling.

Because Patricia breached the noncooperation provision and State Farm's counsel "would have materially affected the outcome . . . as to liability," *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 878 (Wash. 2008), the Andersons are "contractually barred from bringing suit under the policy." *Staples*, 295 P.3d at 205.  With the exception of the absolute liability claim, all of the Andersons' claims, as characterized in their complaint, rest on State Farm's contractual duties under the policy (principally, the duties to defend and indemnify).  Patricia's noncooperation releases State Farm from those obligations and forecloses the claims.  *Cf. St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 196

P.3d 664, 670 (Wash. 2008) (holding that a plaintiff *may* allege "a cause of action for bad faith claims-handling in a third-party context, which is not dependent on whether the insurer has breached its duty to defend, settle, or indemnify"). Finally, State Farm made every effort to provide Patricia with counsel, so it is not estopped from asserting a noncooperation defense. *Cf. Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 281 (Wash. 2002) ("[A]n insurer that, in bad faith, refuses or fails to defend is estopped from denying coverage.").

Patricia's noncooperation does not preclude the Andersons' absolute liability claim, *see Tibbs v. Johnson*, 632 P.2d 904, 907 (Wash. Ct. App. 1981), but the claim is untimely. It accrued when the accident occurred in 1998, RCW 46.29.490(6)(a), and the statute of limitations expired well before the Andersons filed this lawsuit in 2015, *Rones v. Safeco Ins. Co.*, 835 P.2d 1036, 1038–39 (Wash. 1992).

2. The district court did not abuse its discretion by denying further discovery and a continuance of summary judgment proceedings. The Andersons made no showing—nor does the record suggest—why the broad additional discovery they requested was "essential to oppose summary judgment" on grounds such as the statute of limitations, noncooperation, and preclusion. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

3. The district court did not follow the requisite process to impose

4

pre-filing requirements on the Andersons. *See Ringgold-Lockhart*, 761 F.3d at 1061–67; *De Long v. Hennessey*, 912 F.2d 1144, 1146–48 (9th Cir. 1990). We therefore vacate the vexatious litigant order and remand for the district court to properly support its determination (if it reimposes pre-filing requirements).

4.      We also vacate the district court's award of costs. The district court incorrectly reasoned that it could not consider the Andersons' "limited financial resources" and had "no discretion but to allow costs to the prevailing party." Although Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 presume costs will be awarded to the prevailing party, the district court may decline to award costs. *Draper*, 836 F.3d at 1087. Among the permissible considerations are "the plaintiff's limited financial resources" and "the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). We vacate the award of costs and remand for the district court to consider the legal standard and appropriate considerations with respect to the costs determination.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Each party shall bear its own costs on appeal.