# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| Darcy M. Eberhart,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>Farmers Insurance Company,<br><br>　　　　　　Respondent. | No. 84813-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Darcy Eberhart appeals the trial court's dismissal of her claim against Farmers Insurance requesting that she be declared to be an insured under the terms of its personal injury protection policy. Because the trial court did not err by dismissing Eberhart's claim, we affirm.

## FACTS

The facts in this matter are not in dispute. On June 1, 2022, Eberhart and a group of other cyclists were riding their bicycles southbound on West Mercer Way on Mercer Island, Washington. Lucia Leung was traveling southbound in her vehicle on the same street. As Leung moved into the opposite lane to pass the southbound cyclists, a group of cyclists traveling northbound came around a blind corner. The northbound cyclists applied their brakes hard to avoid colliding

with Leung's vehicle. The cyclists lost traction and slid across the road into Eberhart, knocking her off of her bicycle. Eberhart was injured as a result.

Eberhart filed a claim for personal injury protection (PIP) coverage with Leung's insurer, Farmers Insurance. Farmers rejected the claim, as Eberhart did not fall under the policy's definition of "insured." Eberhart then filed a declaratory judgment action requesting that the court deem her to be covered under the terms of the policy.

Both parties filed motions for summary judgment. The trial court determined that "Plaintiff was not struck by Ms. Leung's Honda and does not qualify for Personal Injury Protection coverage pursuant to the language of Ms. Leung's Insurance Policy." It therefore granted Farmers' motion and denied Eberhart's motion. Eberhart filed a motion for reconsideration, which the trial court denied.

Eberhart appeals.

## ANALYSIS

We review orders on summary judgment de novo. Werlinger v. Clarendon Nat'l Ins. Co., 129 Wn. App. 804, 808, 120 P.3d 593 (2005). Similarly, interpretation of an insurance contract is a matter of law, which we review de novo. Hall v. State Farm Mut. Auto. Ins. Co., 133 Wn. App. 394, 399, 135 P.3d 941 (2006).

Insurance policies are contracts, to which ordinary rules of contract interpretation apply. Reliable Credit Ass'n, Inc. v. Progressive Direct Ins. Co., 171 Wn. App. 630, 638, 287 P.3d 698 (2012). We read insurance policies as a

whole and give them a "'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" Id. at 638 (quoting Quadrant Corp. v. Am. States Ins. Co., 154 Wn.2d 165, 171, 110 P.3d 733 (2005)).

"Although public policy counsels interpreting policies to favor insureds, we 'will not modify clear and unambiguous language under the guise of construing the policy.'" Rones v. Safeco Ins. Co. of Am., 119 Wn.2d 650, 654, 835 P.2d 1036 (1992) (quoting O'Neal v. Legg, 52 Wn. App. 756, 760, 764 P.2d 246 (1988), review denied, 112 Wn.2d 1013 (1989)). Nor will we "'give an insurance contract a strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within its terms.'" Capitol Specialty Ins. Corp. v. JBC Entm't Holdings, Inc., 172 Wn. App. 328, 335, 289 P.3d 735 (2012) (quoting McAllister v. Agora Syndicate, Inc., 103 Wn. App. 106, 109, 11 P.3d 859 (2000)).

The PIP policy at issue here states that it "will provide the benefits described below for bodily injury to each insured person caused by a motor vehicle accident." The policy defines "insured person" as:

1.  You or any family member;

2.  Any other person while:

    a.  a guest passenger in your insured vehicle;

    b.  using your insured vehicle with your permission;

    c.  a pedestrian if struck by your insured vehicle.

This language is unambiguous.  Eberhart is only entitled to PIP coverage if, on the day of the incident, she was a pedestrian struck by Leung's vehicle.  Eberhart was not struck by Leung's vehicle.  Eberhart was only struck by another cyclist.  The trial court thus did not err by ruling that Eberhart was not an insured and therefore not entitled to coverage under the terms of Farmers' insurance policy.

Eberhart nevertheless asserts multiple arguments as to why she was entitled to coverage, none of which has merit.  First, Eberhart asserts that Farmers' definition of "insured" is contrary to statutory law governing PIP insurance.  Not so.  RCW 48.22.005, concerning automobile insurance, defines "insured" as

> (a) The named insured or a person who is a resident of the named insured's household and is either related to the named insured by blood, marriage, or adoption, or is the named insured's ward, foster child, or stepchild; or
> (b) A person who sustains bodily injury caused by accident while: (i) Occupying or using the insured automobile with the permission of the named insured; or (ii) *a pedestrian accidentally struck by the insured automobile*.

RCW 48.22.005(5) (emphasis added).  Farmers' policy mirrors the language of the statute and is therefore not incompatible with statutory law governing PIP insurance.

Second, Eberhart asserts that she is entitled to coverage under the reasonable expectations test.  But "this doctrine has never been adopted or applied in Washington . . . and we decline to do so at this time."  Farmers Ins. Grp. v. Johnson, 43 Wn. App. 39, 45, 715 P.2d 144 (1986).  Washington law is clear that unambiguous policy language controls regardless of the insured's subjective expectations.  Christal v. Farmers Ins. Co. of Washington, 133 Wn. App. 186, 191, 135 P.3d 479, 481 (2006); Rones, 119 Wn.2d at 654.

Finally, Eberhart asks us to simply disregard the policy altogether and grant her coverage on public policy grounds. Eberhart's plea to have us ignore Washington law is not well taken.

Eberhart is not entitled to coverage under the terms of Farmers' PIP policy, nor is she entitled to fees on appeal. The trial court committed no error.

Affirmed.

_Feldman, J._

WE CONCUR:

_Coburn, J._          _Dwyer, J._