[No. 38687.   Department Two.   January 19, 1967.]

METROPOLITAN LIFE INSURANCE COMPANY, *Respondent,* v. GAYLORD C. RITZ *et al., Appellants.*\*

*Critchlow, Williams & Ryals,* for appellants.

*Gose & Gose,* for respondent.

LANGENBACH, J.†—The defendants have appealed from a summary judgment in favor of the plaintiff insurance com-

\*Reported in 422 P.2d 780.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

pany. The only issue is whether a full and final general release of *all claims* included a release of claims for medical expenses where a plea to the contrary raised no suggestion of fraud, overreaching, questionable conduct, misrepresentation, incapacity or mutual mistake.

■ There is no question of fact. Under these circumstances the release of *all claims* included *all claims* as a matter of law. *Pepper v. Evanson, ante* p. 309, 422 P.2d 817 (1967); *Beaver v. Estate of Harris,* 67 Wn.2d 621, 409 P.2d 143 (1965).

Plaintiff insurance company (respondent here) had insured all employees of the General Electric Co. under a group policy which covered "medical expenses." The defendants were such employees. The group policy had a subrogation clause which provided:

> In the event a participating employee . . . is entitled to receive payment or reimbursement from any other person . . . as a result of legal action or claim . . . with respect to any expenses paid or reimbursed to him under this plan, the insurance company shall be entitled to rights of subrogation against such other person . . . .

The policy had an exclusion clause which provided:

> Exclusions. Expenses for the following are not covered medical expenses under the plan:
>
> . . . .
>
> (j) Expenses for which payment or reimbursement is received by or for the account of the individual as the result of a legal action or settlement . . . .

Thereafter, the defendants, husband and wife, were both injured in an automobile accident and incurred medical expenses. Plaintiff, under the group policy, paid them a total of $1,865.39 for their medical expenses. At that time defendants executed a reimbursement agreement. In this agreement, they agreed to repay plaintiff the covered medical expenses which might be recovered as a result of a legal action or settlement. The pivotal part of this reimbursement agreement is as follows:

> I . . . . acknowledge the receipt of benefits in payment of Covered Medical Expenses incurred as a result of injuries suffered on Nov. 27, 1960.
>
> In accordance with the provisions of this insurance plan, I agree to reimburse . . . [plaintiff] to the extent of any recovery of said expenses as the result of legal action or settlement . . . .

The defendants, through legal counsel, negotiated with their tort-feasor concerning the adjustment of liability and finally made a settlement for $7,000. This settlement was arranged without the assistance or advice of the plaintiff insurance company. At the conclusion of the negotiations and upon the receipt of the $7,000, defendants executed, and acknowledged before their attorney as notary, a "Release In Full of All Claims." This was a complete and comprehensive form, the essential part of which recited:

> For and in consideration of the payment to me/us at this time of the sum of Seven thousand and no/100 Dollars ($7,000.00), the receipt of which is hereby acknowledged, I/we, being of lawful age, do hereby release, acquit and forever discharge Ross Daniel Phillips of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from accident that occurred on or about the 27th day of November, 1960, at or near U. S. Highway #30, near Cascade Locks, Oregon.

Defendants refused to reimburse plaintiff insurance company for its payment of their medical expenses. This action followed. Both parties filed motions for summary judgment with supporting affidavits. Defendants submitted affidavits to the effect that their settlement represented compensation for wage loss and general damages only; that the release of their tort-feasor made no specific reference to and did not include any medical expenses; and that, therefore, they were not required to reimburse plaintiff. The trial court denied defendants' motion and granted plaintiff's motion. Defendants were ordered to pay plaintiff $1,865.39, the

amount of medical expenses which plaintiff had paid defendants under the group policy. Defendants have appealed.

The trial court entered the following finding of fact No. 6:

> That the Plaintiff Company had obtained from the Defendants prior to payment of any claims a reimbursement agreement in which they agreed to repay the Plaintiff to the extent of any recovery of medical expenses as a result of a legal action or settlement. That said reimbursement agreement was merely a reaffirmation of the obligations to which the Defendants were bound under the terms of the insurance plan; that under the terms of the insurance plan, the Plaintiff was subrogated to the right of the Defendants to recover from any third party, the medical payments made by the Plaintiff. That the execution of the complete release by the Defendants extinguished this right of subrogation. That this right of subrogation had never been released or waived by the Plaintiff.

Defendants bring three assignments of error: (1) the court erred in granting summary judgment to plaintiff; (2) the court erred in entering finding of fact No. 6; and (3) the court erred in refusing to grant defendants' motion for summary judgment.

Defendants, in their brief, argue that:

> "Subrogation" contemplates that the plaintiff will be substituted for the insured and will look to the third party provably responsible for the particular loss, theretofore paid, in full, to the insured by plaintiff. "Reimbursement," on the other hand, contemplates that the plaintiff will look to the party sustaining such loss, that is, the insured.

It was defendants' contention that plaintiff, in effect, abandoned subrogation and relied entirely upon the reimbursement agreement; that, therefore, plaintiff had and has no rights to any part of the proceeds of the negotiated settlement with the tort-feasor. In its written memorandum the trial court stated:

> Taking a strained view of the facts and assuming that the subsequent agreement entirely supplanted and de-

stroyed the plaintiff's right of subrogation, this Court would find as a matter of fact that the defendants did negotiate the risk of liability for medical expenses as a consideration for payment by the third party. It is not enough to say that in the minds of the defendants they recovered for all except medicals—they negotiated a right of another and obtained a valuable consideration.

In an answer to interrogatories, plaintiff stated that it refrained from exercising its right of subrogation in reliance upon the reimbursement agreement. It also admitted that defendants could have settled and excluded from their release their claims for medical expenses. But this was not done by defendants. They executed a full and final general release of *all claims* against the tort-feasor, consequently, no further action of any nature remained against him.

We have made clear that amicable settlements and releases of unliquidated claims are favored as a desirable method of avoiding unnecessary and expensive litigation. And, when such an agreement contains plain and unambiguous language, parol evidence will not be admitted to vary its terms, nor will such an agreement be overturned short of fraud, false representation, overreaching or a mutual mistake of which the evidence is clear and convincing. *Beaver v. Estate of Harris, supra.*

Defendants knew that plaintiff was entitled either to reimbursement from defendants or to be subrogated to defendants' claim for medical expenses against the tort-feasor. Yet, with that knowledge, they negotiated a settlement, under advice of competent counsel, with the tort-feasor and executed a full and final general release. This, in effect, deprived plaintiff of all rights of subrogation. Defendants insist that they did not intend to settle "medical expenses," and argued that they did not do so, yet theirs was an unconditional general release of *all claims*. Now they have repudiated any liability under their reimbursement agreement. The trial court was justified in granting plaintiff summary judgment; in denying defendants their motion for summary judgment; and in entering finding of fact No. 6.

Another facet remains. Defendants contended that plaintiff sat back and did nothing to assist in the negotiated settlement. Plaintiff, in answering an interrogatory, stated that it offered to share the expenses of settlement on a proportionate basis. In the light of this concession, it is equitable that the plaintiff still share proportionately in that expense.

The case is remanded to the trial court to determine the equitable proportionate amount of the expenses incurred in the settlement to be borne by plaintiff. The remainder of the judgment is affirmed. The parties will bear their own costs.

DONWORTH, WEAVER, ROSELLINI, and HAMILTON, JJ., concur.

March 8, 1967. Petition for rehearing denied.