60 P.3d 640 (2002)
Rebecca HAMM, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 44891-9-I.
Court of Appeals of Washington, Division 1.
December 30, 2002.
*641 Debra Stephens, Bryan P. Harnetiaux, Spokane, WA, for Amicus.
Pamela A. Okano, William R. Hickman, Reed McClure, Seattle, WA, Robert A. Mannheimer, Todd & Wakefield, for Appellant.
Kenneth B. Dore, Graham, Lundberg & Perschel, Seattle, WA, for Respondent.

ORDER ON REMAND
KENNEDY, J.
Rebecca Hamm sought discretionary review of this court's decision reversing the trial court's award of attorney fees. The Supreme Court accepted review and remanded for reconsideration in light of Winters v. State Farm Mutual Automobile Insurance Company, 144 Wash.2d 869, 31 P.3d 1164 (2001). We conclude that Winters does not control and therefore decline to amend our earlier opinion.

BACKGROUND
The history of this case is set forth in Hamm v. State Farm Mutual Automobile Insurance Company, 101 Wash.App. 360, 362, 3 P.3d 761 (2000):
Hamm was injured in an automobile accident with an uninsured motorist. State Farm paid $8,669.71 in personal injury protection (PIP) benefits for Hamm's medical bills. Hamm made a UIM claim. After negotiations between Hamm and State Farm proved unsuccessful, Hamm demanded a UIM arbitration under the policy. Hamm incurred legal expenses by participating in the arbitration. The arbitrator determined that Hamm's reasonable and necessary medical expenses were $5,481.71 and her total damages were $16,000.
Pursuant to the policy, State Farm offset the $8,669.71 it had already paid in PIP benefits and tendered a check for the $7,330.29 balance. The parties agreed that the tender represented an uncontested amount of UIM benefits owed to Hamm but reserved the question whether Hamm was owed more.
Hamm filed an action in superior court for confirmation of the arbitration award. The court confirmed the total award but denied Hamm's request to enter judgment because of the dispute over the offset amount.
Hamm filed the present action seeking declaratory relief regarding the amount of the offset. She also requested that State Farm bear a share of the legal expenses incurred in obtaining the arbitration award. The parties filed cross motions for summary judgment. The trial court found that State Farm was entitled to offset the entire amount paid in PIP benefits. The trial court also found under Mahler that State Farm was required to share Hamm's legal expenses. The court awarded Hamm $3,582.53 in costs and fees.
State Farm appealed the award of attorney fees.
This court reversed, finding that this matter was controlled by Dayton v. Farmers *642 Insurance Group, 124 Wash.2d 277, 876 P.2d 896 (1994), "which held that a claimant-insured bears his or her own attorney fees for a UIM arbitration when a UIM insurer stands in the shoes of the uninsured tortfeasor." Hamm, 101 Wash.App. at 361, 3 P.3d 761. We distinguished Mahler v. Szucs, 135 Wash.2d 398, 957 P.2d 632, 966 P.2d 305 (1998), and Winters v. State Farm Mutual Automobile Insurance Company, 99 Wash.App. 602, 994 P.2d 881 (2000), on the basis that, unlike the plaintiffs in Mahler and Winters, Hamm had not recovered from the at-fault driver.
After this court issued its opinion in Hamm, the Supreme Court accepted review of Division Two's decision in Winters. Shortly thereafter, Hamm petitioned the Supreme Court for review. The Supreme Court affirmed Winters in October of 2001. Winters v. State Farm Mut. Auto. Ins. Co., 144 Wash.2d 869, 31 P.3d 1164 (2001). In April of 2002, the Supreme Court granted Hamm's petition for review and remanded to this court for reconsideration in light of the Supreme Court's opinion in Winters.

ANALYSIS
As we noted in our earlier opinion in Hamm, the facts of this case are distinguishable from those in Winters, because the at-fault driver was uninsured, rather than underinsured. As a result, Hamm did not expend the considerable time and resources in seeking recovery from the at-fault driver as did the plaintiffs in Winters, nor did she actually recover from the at-fault driver.
As in Winters, Hamm's insurance policy contained a paragraph that stated, "If the insured recovers from the party at-fault and we share in the recovery, we will pay our share of the legal expenses." But in this case, Hamm did not recover from the party at-fault. Under the terms of the insurance policy, State Farm was not required to pay a share of Hamm's legal fees.
Notwithstanding these factual differences, Hamm argues that Winters controls. We recognize that the holding of Winters is not based solely on the policy language. Indeed, the Court held that this language,
simply expresses the long established equitable principles set down by this Court. An insurer is not entitled to recover until its insured is fully compensated and restored to his or her pre-accident position. If the insured were forced to pay the costs associated with the insurer's recovery, then the insured would be left less than fully compensated.
Winters, 144 Wash.2d at 878, 31 P.3d 1164 (citations omitted). The question before us is whether the principles of equity articulated by the Court in Winters dictate that State Farm be required to share in the costs and fees associated with Hamm's recovery under the UIM policy.
We conclude that State Farm should not be required to pay a portion of Hamm's costs and fees under the common fund doctrine, which "applies to cases where litigants preserve or create a common fund for the benefit of others as well as themselves." Winters, 144 Wash.2d at 877, 31 P.3d 1164 (citations omitted). In determining whether the common fund doctrine applies, "the proper focus is the benefit received." Mahler, 135 Wash.2d at 427, 957 P.2d 632. Under this analysis, Hamm's UIM carrier received no benefit.
In Winters, the Court noted that:
Winters and Perkins could very well have chosen not to buy PIP coverage and chosen instead to buy medical insurance through a health insurer. If a health insurer had paid the medical bills for Winters and Perkins and had a valid subrogation or reimbursement clause, the health insurer could have asserted a claim for repayment. That claim would have been subject to the equitable requirement that it pay its pro rata share of legal expenses. The fact that the same insurer provides both UIM coverage and medical payment coverage through PIP coverage should not result in the insured's bearing a greater amount of legal expenses.
Winters, 144 Wash.2d at 881, 31 P.3d 1164. Conversely, an insurance carrier should not be penalized simply because it provides both UIM coverage and medical payment coverage through PIP coverage.
*643 As framed by the court in Winters, "The only issue presented to this Court is whether a PIP insurer must pay a pro rata share of its insured's attorney fees associated with recovering full compensation from an UIM insurer." Winters, 144 Wash.2d at 875, 31 P.3d 1164 (emphasis added). Winters is distinguishable from the situation presented by this case because State Farm as PIP carrier did not receive reimbursement, and therefore received no benefit.[1] And clearly, State Farm as UIM carrier was placed in a worse position financially by paying an arbitration award in any amount.[2]
This case is factually indistinguishable from Dayton, in which the Court held that in UIM proceedings, the American rule, under which each party must bear his or her own legal expenses, applies. The Winters court distinguished Dayton, stating that in that case,
the issue was whether or not a UIM carrier was responsible for paying for its insured's legal expenses in making a UIM claim. The question presented here is totally different: whether or not the PIP carrier should pay a pro rata share of legal expenses for its insured in recovering PIP benefits from an UIM insurer.
Winters, 144 Wash.2d at 882, 31 P.3d 1164. Winters distinguishes but does not overrule Dayton. As such, Dayton is still good law and we are bound to follow it. State v. Gore, 101 Wash.2d 481, 681 P.2d 227 (1984).
It appears that Hamm is seeking to have State Farm pay a portion of her fees in its capacity as PIP carrier. But to the extent that she seeks fees from her PIP carrier, Winters is distinguishable because Hamm's PIP carrier received no reimbursement. And to the extent that Hamm seeks fees from her UIM carrier, Dayton is directly on point. In either event, Hamm is not entitled to reimbursement for the costs and fees she incurred in obtaining the UIM arbitration award.
Hamm argues that, as in Winters, "If the insured were forced to pay the costs associated with the insurer's recovery, then the insured would be left less than fully compensated." Winters, 144 Wash.2d at 879, 31 P.3d 1164, citing Mahler, 135 Wash.2d at 425-26 n. 17, 957 P.2d 632; Metro. Life Ins. Co. v. Ritz, 70 Wash.2d 317, 322, 422 P.2d 780 (1967); Fisher v. Aldi Tire, Inc., 78 Wash.App. 902, 902 P.2d 166 (1995); Pena v. Thorington, 23 Wash.App. 277, 281, 595 P.2d 61 (1979). But unlike in Winters, the PIP carrier here did not "recover." Moreover, as noted by the Court in Dayton:
In fact, providing attorney fees in a UIM arbitration to determine damages would give the insured more than he or she contracted for. We have often repeated the purpose of the UIM statute is to place the insured in the same position as if the tortfeasor carried liability insurance. Thus, the insurance carrier stands in the shoes of the uninsured motorist to the extent of the carrier's UIM policy limits. The injured party is not entitled to be put in a better position by having been struck by an uninsured motorist as opposed to an insured motorist. Accordingly, UIM carriers are not compelled to pay when the same recovery could not have been obtained from the uninsured tortfeasor.
When a tortfeasor carries insurance, the claimant insured bears his or her own attorney fees in the arbitration proceeding. Thus, when the UIM insurer stands in the shoes of the uninsured tortfeasor, the claimant insured should likewise bear his or her own attorney fees. Recovery of *644 attorney fees in a UIM arbitration constitutes an amount greater than that available from an insured tortfeasor. This is not consistent with the purpose of UIM insurance, or the statutes governing UIM coverage. Unlike the insured in Olympic Steamship,[3] Mr. Dayton seeks to compel more than the benefits of purchased coverage.
Dayton, 124 Wash.2d at 281, 876 P.2d 896 (citations omitted). As in Dayton, Hamm would be in a better position for having been injured by an uninsured driver than an insured driver if State Farm were required to pay a share of her fees and costs. We agree with the Dayton Court that this is inconsistent with the purpose of UIM insurance.
Finally, unlike in Winters and Mahler, it would not be "grossly inequitable"[4] for Hamm to bear the entirety of her fees and costs. The plaintiffs in Winters and Mahler incurred substantial fees and costs in obtaining recovery from the at-fault driver for the benefit of the insurer. Here, in contrast, Hamm did not incur any fees or costs in litigation with the at-fault driver, because she engaged in no litigation with the at-fault driver. We conclude that general principles of equity do not require that State Farm pay a share of Hamm's costs and fees.
We therefore decline to amend our earlier opinion in light of Winters. This order is to be published in the Washington Appellate Reports.
IT IS SO ORDERED.
COX, A.C.J. and COLEMAN, J., concur.
NOTES
[1] Rather, State Farm as UIM carrier received an offset for the PIP payment previously made. Arguably, the trial court erred in awarding State Farm an offset for the entire amount of the PIP payments, rather than for just those expenses which were reasonable and necessary as determined in the UIM arbitration. But that issue is not before us. This case is solely concerned with State Farm's appeal from the trial court's award of attorney fees. Hamm did not cross appeal on the amount of the offset.
[2] Even if one were to assume that State Farm in its capacity as UIM carrier received a benefit from the PIP payments, these PIP payments clearly do not constitute a "common fund." Nor does it appear from the record that Hamm incurred costs and attorney fees in recovering the PIP payments. The common fund doctrine therefore does not apply. Further, as discussed below, Dayton holds that a UIM carrier is not required to pay the insured's fees incurred in making a UIM claim.
[3] Olympic S.S. Co. v. Centennial Ins. Co., 117 Wash.2d 37, 811 P.2d 673 (1991).
[4] Winters, 144 Wash.2d at 879, n. 5, 31 P.3d 1164, citing Mahler, 135 Wash.2d at 426-26, 957 P.2d 632.