# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

In re Detention of Donald Herrick ) No. 69993-8-I
)
STATE OF WASHINGTON, )
)
      Respondent, )
)
      v. )
)
DONALD HERRICK, ) UNPUBLISHED OPINION
)
      Appellant. ) FILED: April 3, 2017
)

2017 APR -3 AM 10:30
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

VERELLEN, C.J. — Donald Herrick appeals the trial court's order holding him in contempt of court for refusal to comply with an order compelling penile plethysmograph (PPG) and specific-issue polygraph testing as part of a sexually violent predator (SVP) pre-civil commitment trial evaluation. He argues that "[b]ecause the trial court *order [compelling PPG testing] is stayed* pending review, the lawfulness of that order remains an open question."[1] But Herrick did not obtain a stay of the order compelling PPG testing and did not challenge the procedure utilized in conducting the contempt hearing. Therefore, as acknowledged by Herrick's counsel at oral argument, because we

---

[1] Appellant's Br. at 26 (emphasis added).

conclude the statute[2] granting the trial court discretion to compel PPG testing is constitutional,[3] there is no basis to overturn the contempt order. Accordingly, we affirm.

## FACTS

The underlying facts are not in dispute. In 1997, Herrick was convicted of rape in the first degree. He was released from incarceration for that offense in September 2006. Three months after his release, Herrick stalked a 16-year-old. He pleaded guilty to voyeurism and was sentenced to 22 months. Following his release, Herrick entered outpatient sexual deviancy treatment with Northwest Treatment Associates. In March 2009, as part of his treatment, he participated in PPG testing.

In February and June 2010, Herrick violated his conditions of community placement by engaging in stalking. He was ordered to serve 120 days' confinement for the violations.

In November 2010, in anticipation of Herrick's release, the State petitioned to civilly commit him as an SVP under chapter 71.09 RCW. The petition identified Herrick's prior sexually violent offenses and alleged that he suffers from a mental abnormality and/or personality disorder that makes him likely to engage in predatory acts of sexual violence if not confined in a secure facility. Prior to filing the petition, the State's expert, psychologist Dr. Brian Judd, completed a clinical evaluation record review. Dr. Judd opined that Herrick met the diagnostic criteria for paraphilia not otherwise specified (nonconsent), alcohol abuse, cannabis abuse, voyeurism (provisional), and antisocial personality disorder. Of these disorders, Dr. Judd

---

[2] RCW 71.09.050(1).

[3] See In re Det. of Herrick, No. 69818-4-I, (Wash. Apr. 3, 2017).

determined that paraphilia not otherwise specified (nonconsent) met the criteria for a mental abnormality as defined in chapter 71.09 RCW. His opinion was based on the predicate offenses, the 2009 PPG testing, which demonstrated a preference for coercive sexuality, and actuarial testing, which predicted a high risk of recidivism.

In January 2011, Herrick stipulated to the existence of probable cause and agreed to undergo an evaluation by the State's expert.[4] He was ordered to be held at the Special Commitment Center for custodial detention and evaluation.

Dr. Judd completed an updated clinical evaluation, including an interview of Herrick and a records review. In April 2012, Dr. Judd provided an addendum again opining that Herrick meets the definition of an SVP, relying in part on the results of the 2009 PPG, which he characterized as detecting a clear arousal to humiliation rape of an adult female and rape of a female minor, despite apparent attempts to suppress arousal.

In May 2012, defense expert Stephen Jensen, M.A., criticized Dr. Judd's report as it related to the 2009 PPG. Mr. Jensen concurred with the Northwest Treatment Associates evaluator, who found the PPG inconclusive.

In December 2012, the State moved for an order requiring Herrick to submit to a PPG and specific-issue polygraph as part of the evaluation in anticipation of trial. Dr. Judd requested the PPG and a follow-up interview to provide the most current information possible.

---

[4] On February 15, 2013, the State filed an amended petition, alleging an additional recent overt act; that in December 2009, while under conditions of community placement, Herrick engaged in stalking behaviors towards a female employee of Work Source.

On January 22, 2013, the trial court granted the State's motion to compel PPG and specific-issue polygraph testing. That same day, Herrick moved to certify the issue for review under RAP 2.3(b)(4) and requested a stay pending appellate review. The court denied Herrick's request for certification and entered an order denying a stay.

On January 28, 2013, Herrick filed a notice of discretionary review of the trial court's order compelling physiological testing.[5]

On February 1, 2013, Herrick's counsel informed the State that he refused to comply with the PPG order. The State moved to hold Herrick in contempt. On February 11, 2013, the trial court granted the State's motion and entered a contempt order. The court denied the State's request to jail Herrick as a coercive sanction.[6] The court ruled, "As a remedial sanction, the fact of refusal is admissible at trial; other remedies are reserved for a future hearing."[7]

On March 4, 2013, Herrick filed an emergency motion in this court for stay *of trial* pending a decision on his motion for discretionary review of the order compelling him to comply with PPG testing, and a decision on his appeal of the order holding him in contempt for refusing to complete the ordered PPG. That same day, a court commissioner granted a temporary stay of all trial court proceedings to allow time for the State to file a response. On April 3, 2013, the court commissioner heard oral

---

[5] In re Det. of Herrick, No. 69818-4-I.

[6] When the State crossed out the language in the contempt order providing for a coercive jail remedy, it inadvertently crossed off the order's purge clause. CP at 298. That error was corrected when this court permitted the trial court to enter an amended order holding Herrick in contempt. Clerk's Papers (CP) at 1067-69; Report of Proceedings (Aug. 25, 2014) at 3.

[7] CP at 1069. As discussed below, the trial court suggested an adverse inference instruction may be an appropriate remedy, but the amended contempt order expressly reserves other remedies for a future hearing.

argument on the motion and ordered the temporary stay of all trial court proceedings continued pending further briefing on discretionary review.

On October 2, 2013, the court commissioner denied Herrick's motion for discretionary review. The court commissioner then directed the parties to address whether the contempt order was appealable. After both parties agreed the order is appealable as a matter of right, the court commissioner directed the court clerk to set a perfection schedule.

On November 1, 2013, Herrick moved to modify the ruling denying discretionary review of the PPG order.[8]

On January 28, 2014, this court sua sponte stayed consideration of the motion to modify the ruling denying discretionary review pending the filing of the opening brief in this case.

On July 30, 2015, this court lifted the stay of consideration of the motion to modify the ruling denying discretionary review, granted the motion to modify, and accepted review.

Herrick appeals the contempt order.

## ANALYSIS

### CONTEMPT ORDER

Contempt of court includes the intentional disobedience of any lawful judgment.[9] If the court finds "that the person has failed or refused to perform an act that is yet within the person's power to perform, the court may find the person in contempt of court" and

---

[8] In re Det. of Herrick, No. 69818-4-I.

[9] RCW 7.21.010(1)(b).

5

impose remedial sanctions.[10] This court reviews a trial court's order holding a party in contempt for an abuse of discretion.[11]

Herrick challenges the court's contempt order. He argues that "[b]ecause the trial court *order [compelling PPG testing] is stayed* pending review, the lawfulness of that order remains an open question."[12] But Herrick did not obtain a stay of the order compelling PPG testing. Although Herrick recites the order compelling PPG testing "is stayed pending review,"[13] neither this court nor the trial court entered an order staying the compelled testing. And Herrick did not challenge the procedure utilized in conducting the contempt hearing. Therefore, as acknowledged by Herrick's counsel at oral argument, because we conclude the statute granting the trial court discretion to compel PPG testing is constitutional, there is no basis to overturn the contempt order.

Citing Diaz v. Washington State Migrant Council[14] and Seattle Northwest Securities Corporation v. SDG Holding Co. Inc.,[15] Herrick claims that because the lawfulness of the PPG order remains an open question, he "does not run afoul of the collateral bar rule in this direct appeal from the contempt order."[16] Generally, under the collateral bar rule, "'a court order cannot be collaterally attacked in contempt

---

[10] RCW 7.21.030(2).

[11] In re Det. of Broer v. State, 93 Wn. App. 852, 863, 957 P.2d 281 (1998).

[12] Appellant's Br. at 26 (emphasis added).

[13] See Appellant's Br., No. 69818-4-I at 5 ("[T]he order compelling the PPG was stayed.").

[14] 165 Wn. App. 59, 265 P.3d 956 (2011).

[15] 61 Wn. App. 725, 812 P.2d 488 (1991).

[16] Appellant's Br. at 26.

proceedings arising from its violation, since a contempt judgment will normally stand even if the order violated was erroneous or was later ruled invalid.'"[17]

In Diaz, a former employee moved for an order of contempt based on a failure of his former employer, a nonprofit organization, to provide certain information during discovery in the former employee's action challenging his discharge from employment as executive director. The Diaz court held that because the former employer did not have control over any responsive personal records belonging to its directors, it could not be found in contempt for failing to produce the directors' personal citizenship and immigration documents as requested by the former employee absent a showing by the former employee that the former employer had the legal or practical ability to secure such responsive personal records.[18]

In Seattle Northwest Securities, SDG Holdings challenged the trial court's order of contempt and entry of default judgment as sanctions for failure to comply with orders for discovery of documents and testimony which SDG Holdings claimed were privileged. The Seattle Northwest Securities court determined that the order finding SDG Holdings in contempt was not limited to jurisdictional issues, but rather encompassed the validity of the order itself; SDG Holdings refused to supply the documents based on attorney-client privilege and if attorney-client privilege was properly invoked, refusal to disclose information would not be contempt and refusal to answer questions based on good-faith interpretation of attorney-client privilege would not be contempt.[19] The court therefore

---

[17] In re Matter of J.R.H., 83 Wn. App. 613, 616, 922 P.2d 206 (1996 (quoting State v. Coe, 101 Wn. App. 364, 369-70, 679 P.2d 353 (1984)).

[18] Diaz, 165 Wn. App. at 77-78.

[19] Seattle Nw. Sec. Corp., Inc., 61 Wn. App. at 733-34.

reversed the trial court's contempt order and entry of default judgment and remanded to the trial court for a determination of whether SDG Holdings acted in bad faith so as to preclude application of privilege.[20]

Neither Diaz nor Seattle Northwest Securities supports Herrick's theory that he can elude contempt without obtaining a stay of the order compelling conduct before being found in contempt of court for refusing to comply with the order.[21]

Accordingly, we conclude the trial court did not abuse its discretion in finding Herrick in contempt of the order compelling PPG testing.

### ADVERSE INFERENCE INSTRUCTION

Herrick argues that in entering the original contempt order, the trial court "pre-approved" an adverse inference instruction based on his refusal to comply with the PPG testing. But Herrick acknowledges that the State has since amended the contempt order and that the "amended order suggests the [S]tate may be retreating from its initial infatuation with an adverse inference instruction."[22] The amended order states, "As a remedial sanction, the fact of refusal is admissible at trial; other remedies are reserved for a future hearing."[23] Because the amended order is silent about an adverse inference

---

[20] Id. at 743-44.

[21] We acknowledge the challenge faced by an individual who is compelled to engage in an invasive procedure and who faces contempt for refusing to comply. An appeal as a matter of right after the invasive procedure could be a hollow remedy. Upon unsuccessfully seeking a stay from the trial court, such an individual can seek direct, immediate relief from this court while pursuing efforts to obtain discretionary review. RAP 8.3 authorizes this court "to issue orders, before . . . acceptance of review . . . to insure effective and equitable review, including authority to grant injunctive or other relief to a party." The individual does not have to wait until he or she is held in contempt to seek an injunction.

[22] Appellant's Br. at 31.

[23] CP at 1069.

instruction, that issue is not properly before this court.  Therefore, we decline to address Herrick's argument.

Affirmed.

WE CONCUR: