[No. 55940-6.   En Banc.   July 27, 1989.]

JOHN P. LYNCH, P.S., *Appellant,* v. DEACONESS MEDICAL CENTER, *Respondent.*

*David Jackson* and *Larry J. Butler,* for appellant.

*Stamper & Taylor, P.S.,* by *Bruce W. Gore,* for respondent.

PEARSON, J.—The issue presented is whether an attorney is entitled to compensation, from one other than his client, when services rendered to his client incidentally benefit another.

Ms. Aree Tenney hired Mr. Lynch to pursue a claim against Medical Service Corporation (MSC) for failing to pay medical expenses she incurred at Deaconess Hospital. MSC eventually reversed its position and provided coverage for Ms. Tenney's medical expenses. Mr. Lynch brought this action in Spokane County Superior Court to recover attorney fees from Deaconess. Mr. Lynch alleges that Deaconess benefited from his services to Ms. Tenney in that he obtained a refund from MSC, which was subsequently paid

to Deaconess, for an account which Deaconess had declared uncollectible. The trial court granted summary judgment in favor of Deaconess. We accepted direct review of Mr. Lynch's appeal and affirm the summary judgment.

Ms. Tenney was treated at Deaconess Hospital from January 9 through February 18, 1985, and again from April 22 through April 29, 1985. Ms. Tenney had health insurance through MSC. MSC paid Deaconess $8,056.86 for Ms. Tenney's medical expenses. However, MSC later requested a refund from Deaconess claiming that Ms. Tenney's condition was preexisting. Deaconess refunded the $8,056.86 to MSC. Ms. Tenney then hired Mr. Lynch to pursue her claim against MSC for its refusal to pay Deaconess. At the same time, Ms. Tenney also applied for and subsequently received from Deaconess a charitable discount for the entire bill.

On January 21, 1986, Mr. Lynch wrote Deaconess informing the hospital that he was representing Ms. Tenney. Mr. Lynch wrote Deaconess a second letter on April 8, 1986, stating that he would like to represent Deaconess' subrogation interests on a one–third contingency fee basis. Deaconess refused Mr. Lynch's services and this refusal was later confirmed in Mr. Lynch's letter to Deaconess dated May 20, 1986. In the May 20, 1986, letter, Mr. Lynch stated that if a settlement or a verdict resulted in recovery for Deaconess, he intended to charge the hospital for attorney fees. Mr. Lynch continued settlement negotiations with MSC. On March 16, 1987, MSC settled with Ms. Tenney by providing full coverage for the hospitalization and paid an additional $7,500 in general damages.

Mr. Lynch seeks recovery on two theories, unjust enrichment and equitable subrogation. Generally, an attorney's claim for compensation of legal services rendered must rest upon either an express or implied contract of employment. *Clements v. Jungert,* 90 Idaho 143, 408 P.2d 810 (1965); *Fields v. Fields,* 139 Or. 41, 3 P.2d 771, 7 P.2d 975 (1931). As this court has stated repeatedly, the law recognizes two classes of implied contracts: contracts implied

in fact and contracts implied in law. *Chandler v. Washington Toll Bridge Auth.,* 17 Wn.2d 591, 137 P.2d 97 (1943); *Trane Co. v. Randolph Plumbing & Heating,* 44 Wn. App. 438, 722 P.2d 1325 (1986); *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.,* 49 Wn.2d 363, 301 P.2d 759 (1956). Contracts implied in fact are express contracts which arise from the facts and subsequently show a mutual consent and an intention to contract with the other party. *Chandler v. Washington Toll Bridge Auth., supra.* Mr. Lynch concedes there was no contract implied in fact. A quasi contract or a contract implied in law, however, arises from an implied legal duty or obligation. Quasi contracts are founded on the equitable principle of unjust enrichment which simply states that one should not be "unjustly enriched at the expense of another." *Milone & Tucci, Inc.,* at 367. *Trane Co. v. Randolph Plumbing & Heating, supra* at 442, sets forth the necessary elements of a quasi contract. First, the enrichment of the defendant must be unjust; and second, the plaintiff cannot be a mere volunteer. Recovery in quasi contract is based on the prevention of *unjust* enrichment. *Heaton v. Imus,* 93 Wn.2d 249, 252, 608 P.2d 631 (1980). Mr. Lynch contends that a quasi contract existed between himself and Deaconess, therefore entitling him to attorney fees from Deaconess.

From our review of the record, it is apparent that a quasi contract did not exist between Mr. Lynch and Deaconess Hospital. Mr. Lynch has failed to satisfy the first element of a quasi contract as set forth in *Trane Co. v. Randolph Plumbing & Heating, supra.* First, Deaconess Hospital was not *unjustly* enriched by Mr. Lynch's services. Ms. Tenney owed Deaconess $8,056.86 for its medical services. Deaconess only recovered that amount which was owed and which had been declared uncollectible. Deaconess has been incidentally benefited by Mr. Lynch's services. A person can be enriched by merely receiving a benefit. Restatement of Restitution § 1, comment *a* (1937). However, the mere fact that a person benefits another is not sufficient to require the other to make restitution. Restatement § 1, comment *c.*

It is well established that unjust enrichment and liability only occur where money or property has been placed in a party's possession such that in equity and good conscience the party should not retain it. *Molander v. Raugust–Mathwig, Inc.,* 44 Wn. App. 53, 61, 722 P.2d 103, *review denied,* 106 Wn.2d 1017 (1986); *Town Concrete Pipe of Wash., Inc. v. Redford,* 43 Wn. App. 493, 717 P.2d 1384 (1986).

In the case at hand, it is clear that it would not be unjust for Deaconess to retain the $8,056.86 since this amount simply reflects the amount owed by Ms. Tenney. Thus, it cannot be said that Deaconess should not, in equity and good conscience, retain funds provided to it. Here, Ms. Tenney had incurred a debt; Deaconess is entitled to full compensation and should not be required to pay attorney fees to Mr. Lynch for this compensation. Furthermore, the fact that Deaconess eventually recovered this amount is only an incidental benefit derived from Mr. Lynch's services to his client. Mr. Lynch was hired by Ms. Tenney to pursue a claim against MSC for failing to pay Ms. Tenney's medical expenses. Mr. Lynch was obligated to pursue this claim diligently on behalf of his client. Thus, the receipt of an incidental benefit by Deaconess does not create an implied contract between the parties, nor does it impose the obligation of restitution upon the recipient. *Broadlawns Polk Cy. Hosp. ex rel. Fenton v. Estate of Major,* 271 N.W.2d 714 (Iowa 1978).

We also conclude that the principle of equitable subrogation is inapplicable to the case at hand. Equitable subrogation is a remedy designed to prevent unjust enrichment. D. Dobbs, *Remedies* § 4.3, at 250 (1973). In *United Pac. Ins. Co. v. Boyd,* 34 Wn. App. 372, 377, 661 P.2d 987 (1983), the Court of Appeals held that an insured who recovers its insurer's subrogation interest can also recover a pro rata share of attorney fees from the insurer. *Boyd* is distinguishable from this case. Deaconess is not an insurance company; it is a hospital engaged in the business of providing health care to the public. The rule set forth in

*Boyd* is more appropriate where there is a subrogated interest. None of the parties in this case has a subrogated interest. The account represents a debt owed by Ms. Tenney. The relationship between Ms. Tenney and Deaconess is properly characterized as a debtor–creditor relationship. We therefore will not expand the doctrine of equitable subrogation to debtor–creditor relationships. Courts in other jurisdictions have reached similar conclusions. *See Maynard v. Parker,* 54 Ill. App. 3d 141, 369 N.E.2d 352 (1977); *Sisters of Charity of Providence v. Nichols,* 157 Mont. 106, 483 P.2d 279 (1971). The Montana Supreme Court specifically rejected this argument:

> This analogy is inapt and the principle inapplicable here. The obligation of the subrogated insurer to share in the costs of recovery from a third party wrongdoer arises because the insurer occupies the position of the insured with coextensive rights and liabilities and no creditor–debtor relationship between them. . . . [T]he hospital's claim and lien is based upon a debt owed the hospital by its patient in whose shoes it does not stand for any purpose, the debt being owed to it by its patient irrespective of the patient's rights against a third party wrongdoer.

*Sisters of Charity,* at 112.

■ When presented with an issue similar to the one in this case, a number of courts in other jurisdictions have rejected claims for attorney fees based on theories of unjust enrichment, quantum meruit and equitable subrogation. Instead, these courts apply a general rule that there is no implied promise to pay an attorney whom one has not employed because of incidental benefits derived from his services. *Sisters of Charity of Providence v. Nichols, supra; Bashara v. Baptist Mem. Hosp. Sys.,* 685 S.W.2d 307 (Tex. 1985); *Maynard v. Parker, supra; Public Health Trust v. O'Neal,* 348 So. 2d 377 (Fla. Dist. Ct. App. 1977); *Broadlawns Polk Cy. Hosp. ex rel. Fenton v. Estate of Major, supra. See* 7A C.J.S. *Attorney & Client* § 288 (1980).

One exception to this general rule is the common fund doctrine. This doctrine allows an attorney in equity to recover fees in the absence of a contract or a statute when

his services confer a substantial benefit for a group of people. *Interlake Porsche + Audi, Inc. v. Bucholz,* 45 Wn. App. 502, 521, 728 P.2d 597 (1986), *review denied,* 107 Wn.2d 1022 (1987). We also decline to expand this doctrine to a debtor–creditor relationship. As the court in *Maynard v. Parker, supra,* stated at page 145:

> We cannot justify extending the common fund doctrine to require a mortgagee or a furniture store or any other creditor of a plaintiff to contribute to the fees of the plaintiff's attorney if the funds recovered by litigation are used to satisfy the plaintiff's obligations.
>
> The allowance of counsel fees from a fund is capable of great abuse, and should be exercised with the most jealous caution in regard to the rights of creditors. In cases such as this it is better to leave those concerned to contract for the compensation to be paid for the services rendered or received.

We affirm the summary judgment.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., concur.