**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| OTTO GUARDADO,<br><br>   Appellant,<br><br>  v.<br><br>DIANA GUARDADO, an individual; MARK<br>and MICHELLE TAYLOR, husband and wife,<br>and their marital community; JAMES KIMBALL,<br>dba REALTY PRO, INC.,<br><br>   Respondents. | No. 53636-6-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, A.C.J. — Otto Guardado appeals the Clark County Superior Court order dismissing his RAP 12.8 restitution and unjust enrichment claims against Realty Pro, Inc. In June 2016, the Skamania County Superior Court ordered the sale of Guardado's house, appointed a special master who retained Realty Pro to secure a buyer, and later ordered that Realty Pro and the special master be paid from the sale proceeds. Guardado appealed the order, but failed to file a supersedeas bond and thus, pending appeal, the sale of his house proceeded. In August 2017, this court reversed and vacated the Skamania court order requiring the sale.[1]

In May 2018, Guardado filed a complaint in Clark County under RAP 12.8 for common law claims of restitution and unjust enrichment against Realty Pro. Guardado argued that Realty

---

[1] *Guardado v. Guardado*, 200 Wn. App. 237, 245, 402 P.3d 357 (2017); Clerk's Papers at 14.

Pro should return its $10,000 commission to him because this court had vacated the Skamania order forcing the sale of his home. Realty Pro filed a CrR 12(b)(6) motion to dismiss, arguing Guardado had failed to plead facts necessary to show that he was entitled to restitution under RAP 12.8. The Clark County Superior Court granted Realty Pro's motion, denied reconsideration, and Guardado appeals the order granting Realty Pro's motion and the order denying reconsideration.

We affirm both orders.

FACTS

In April 2016, Diana Guardado, Otto's prior spouse, won a superior court judgment post-dissolution against Guardado for breach of an oral contract wherein he agreed to remove her name from the mortgage of the house. In June 2016, the Skamania court ordered Guardado to sell his home to satisfy the judgment. Guardado appealed, but failed to post a supersedeas bond to stay the Skamania order requiring the home be sold. As a result, the process to sell his house proceeded.

Meanwhile, the Skamania court appointed an attorney as a special master to oversee and sign all documents relating to the sale of the house. The special master retained James Kimball d/b/a Realty Pro, Inc. as the realtor to sell Guardado's house. Rick Shurtliff, working on behalf of Realty Pro, communicated with Guardado, Diana, and the special master throughout the sale process. Shurtliff also submitted a declaration to the Skamania court regarding the value of Guardado's home, stating, "I believe that the [p]roperty would sell for $289,000 within a reasonable time, and it could easily be sold to an investor, without them even seeing it, for around $250,000." Clerk's Papers (CP) at 200.

Guardado failed to cooperate with the sale process, and as a result, on August 25, 2016, the Skamania court entered an order on contempt against Guardado directing that "[t]the sale price of [Guardado's] property shall be reduced to $240,000 to allow for quick sale." CP at 202. Ultimately, Realty Pro found a buyer, the Taylors, at a price mandated by the court. The court later entered a second order on contempt against Guardado directing the special master to "sign the deed and all closing documents for the sale of the [p]roperty" and ordering that "[t]he special master and the realtor shall be paid out of the proceeds of the sale." CP at 143.

In November 2016, Realty Pro completed the sale of Guardado's house. Realty Pro received payment of $10,000 from the Taylors for its services pursuant to the court's order and the agreement with the special master.

In August 2017, this court reversed and vacated the Skamania court order due to lack of statutory authority to modify a divorce decree post-dissolution, and remanded the case for further proceedings. Guardado submitted a motion to vacate the Skamania order forcing the sale of his house. The Skamania court granted Guardado's motion, vacated its order, and held, "The [c]ourt shall afford further relief necessary to place the parties in the position they occupied prior to trial." CP at 27.

In May 2018, Guardado filed a complaint in Clark County alleging claims of restitution and unjust enrichment under RAP 12.8 against Realty Pro. Guardado alleged that he "demanded a refund of the $10,000 fees paid to Realty Pro in sales fees" and that Realty Pro refused. CP at 9.

Realty Pro filed a motion to dismiss under CrR 12(b)(6) for failure to state a claim. It alleged that it had received payment for services pursuant to its agreement with the special master and a valid court order, and thus, Guardado's claims of restitution and unjust enrichment fail as a

matter of law. In support of its motion, Realty Pro filed evidence not mentioned in either of Guardado's complaints.

At the June 2019 hearing, the superior court relied on *Ehsani v. McCullough Family Partnership*[2] to analyze Guardado's RAP 12.8 claims under the *Restatement (First) of Restitution* § 74 (Am. Law Inst. 1937). The court ruled that (1) Realty Pro was not liable for repayment and restitution to Guardado unless it was aware of fraud and that Guardado's complaint did not allege fraud nor was there any evidence of fraud by Realty Pro; and (2) Guardado was not entitled to repayment and restitution because Realty Pro was paid for its services rendered pursuant to an agreement with the special master and a valid court order. Based on Guardado's May 2018 complaint, the superior court granted Realty Pro's motion to dismiss under CR 12(b)(6) and denied Guardado's motion to reconsider. Guardado appeals the Clark County Superior Court's orders granting dismissal and denying reconsideration.

ANALYSIS

I. STANDARDS OF REVIEW

We review CR 12(b)(6) dismissals de novo. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Dismissal is proper if the court concludes that the plaintiff can prove no set of facts that would justify recovery. *Kenney*, 159 Wn.2d at 842. We presume that the plaintiff's factual allegations are true and draw all reasonable inferences from the factual allegations in the plaintiff's favor. *Gorman v. City of Woodinville*, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012). We may even consider hypothetical facts to determine if dismissal is proper. *Lakey v. Puget Sound*

---

[2] 160 Wn.2d 586, 159 P.3d 407 (2007)

*Energy, Inc.*, 176 Wn.2d 909, 922 n.9, 296 P.3d 860 (2013). "But, '[i]f a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate.'" *FutureSelect Portfolio Mgmt., Inc. v. Tremont Group Holdings, Inc.*, 180 Wn.2d 954, 963, 331 P.3d 29 (2014) (alteration in original) (quoting *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005)).

However, when a motion to dismiss under CrR 12(b)(6) contains evidentiary materials, such as here, we consider such motion as a motion for summary judgment under CR 56. CR 12(b)(7). We review a superior court's summary judgment order de novo, performing the same inquiry as the superior court and viewing all the facts and reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

## II. RESTITUTION UNDER RAP 12.8

Guardado argues that it is equitable under RAP 12.8 to require Realty Pro to pay him restitution for its $10,000 commission. We disagree.

RAP 12.8 provides that

> [i]f a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution. An interest in property acquired by a purchaser in good faith, under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision.

Restitution under RAP 12.8 is an equitable remedy and should be awarded "in appropriate circumstances." *Ehsani*, 160 Wn.2d at 589-90; *Estate of Langeland v. Drown*, 195 Wn. App. 74,

No. 53636-6-II

90, 380 P.3d 573 (2016); RAP 12.8.   Our Supreme Court relies on *Restatement (First) of Restitution* § 74 to analyze a restitution claim under RAP 12.8.  *Ehsani*, 160 Wn.2d at 590-91.

Under *Restatement (First) of Restitution* § 74:

"A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess."

*Ehsani*, 160 Wn.2d at 592 (quoting § 74).  A superior court may award restitution when "a party 'partially or wholly satisfied a trial court decision' that [an appeals] court then modified or reversed."  *Drown*, 195 Wn. App. at 89 (quoting RAP 12.8).  However, restitution is improper under RAP 12.8 if restitution will not remedy unjust enrichment.  *Ehsani*, 160 Wn.2d at 592.

A.  APPLICATION OF *RESTATEMENT (FIRST) OF RESTITUTION* § 73 (1937)

Preliminarily, Guardado argues that the superior court incorrectly interpreted *Ehsani* when it applied § 74 to analyze his RAP 12.8 claim, rather than applying *Restatement (First) of Restitution* § 73.[3]  He claims that when *Ehsani* stated that courts "may" apply § 74, it did not intend for § 74 to be the exclusive section under which RAP 12.8 claims are analyzed.  However,

---

[3] *Restatement (First) of Restitution* § 73—Void Judgments and Judicial Processes states:

(1) Except as stated in Subsection (2), a person is entitled to restitution of a benefit which he has conferred upon another, induced thereto by a levy under or a threat of execution of a judgment or process which is void as to him, if the execution thereof would subject him to serious risk of substantial loss.

(2) An action for restitution does not lie against an officer who, acting in good faith and in conformity with process which, although invalid, is fair on its face, has received payment and has paid it over to the person specified in the process.

6

regardless of whether § 73 or § 74 applies, Guardado's claim fails because, as discussed below, he did not confer a benefit on Realty Pro.[4]

B. GUARDADO DID NOT CONFER A BENEFIT ON REALTY PRO

Guardado argues that under §§ 73 and 74, he is entitled to restitution for Realty Pro's $10,000 commission. He claims that he conferred the $10,000 commission on Realty Pro because it reduced the amount owed to him from the sale of his home. We disagree.

Under either § 73 or § 74, Guardado must show he conferred a benefit on Realty Pro. *See Ehsani*, 160 Wn.2d at 592; *Restatement (First) of Restitution* §§ 73, 74. Section 73 states in relevant part, "[A] person is entitled to restitution of a benefit which he has conferred upon another." Section 74 states in relevant part, "A person who has conferred a benefit upon another in compliance with a judgment . . . is entitled to restitution if the judgment is reversed or set aside."

Guardado claims he conferred a benefit on Realty Pro because its commission was paid out of the proceeds from the sale of his home. However, it was the Taylors who provided the funds to purchase Guardado's home, and thus, it was the Taylors who paid Realty Pro's commission. Thus, because Guardado did not pay Realty Pro its commission, Guardado did not confer a benefit on Realty Pro. Because Guardado did not confer a benefit to Realty Pro, Guardado has failed to

---

[4] Guardado also relies on the declaration filed by Rick Shurtliff to claim bad faith by him in encouraging the sale. But Shurtliff's declaration cannot support a claim for restitution under RAP 12.8 against Realty Pro. Shurtliff's declaration was filed *after* the Skamania court, within its lawful authority, ordered the sale of Guardado's home and thus, Shurtliff's declaration did not force a sale. And Realty Pro cannot be liable for any claim premised on a witness's declaration because a witness in judicial proceedings in litigation is immune from liability based on his testimony. *Gustafson v. Mazer*, 113 Wn. App. 770, 775, 54 P.3d 743 (2002) ("Generally, witness immunity is an absolute privilege."). Any claim by Guardado against Realty Pro that relies on Shurtliff's declaration fails.

prove an essential element of a restitution claim under RAP 12.8. *See Ehsani*, 160 Wn.2d at 592; *Restatement (First) of Restitution* §§ 73, 74.

C. REALTY PRO IS NOT A PROPER SUBJECT FOR A CLAIM OF RESTITUTION

Guardado also must prove that Realty Pro was a party to the underlying proceeding that resulted in the sale of his house. Because Relay Pro was not a party to the underlying judgment, Guardado fails to prove this element.

In *Ehsani*, the Supreme Court held that the phrase "in appropriate circumstances" under RAP 12.8 allows a court to award restitution against the parties to the underlying judgment, not against nonparties to the judgment. *Ehsani*, 160 Wn.2d at 594-95. A party may only bring a claim for restitution under RAP 12.8 against parties to the underlying judgment. *Ehsani*, 160 Wn.2d at 594-95.

Here, it is undisputed that Realty Pro was not a party to the underlying judgment requiring the sale of Guardado's home. Under the language of RAP 12.8 as construed in *Ehsani*, the phrase "in appropriate circumstances" does not allow restitution from nonparties to the judgment. *See Ehsani*, 160 Wn2d at 594-95. Guardado cannot pursue a claim of restitution under RAP 12.8 against Realty Pro, because it was not a party to the underlying proceeding and is not a proper subject of such a claim.

D. REALTY PRO'S RETENTION OF THE COMMISSION IS EQUITABLE

Lastly, Guardado argues that it would be unjust to allow Realty Pro to retain its commission. We disagree.

Under RAP 12.8, Guardado must show that Realty Pro's retention of the commission is unjust. *See Ehsani*, 160 Wn.2d at 592. In *Ehsani*, the court determined that a judgment debtor is not entitled to restitution unless the purpose of the restitution is to remedy unjust enrichment. *Ehsani*, 160 Wn.2d at 594-95. *Ehsani* also held that there is no unjust enrichment when a party receives payment for services under a preexisting agreement with the judgment creditor. *Ehsani*, 160 Wn.2d at 594-95. In *Ehsani*, a lawyer's client paid for legal services from funds received from a judgment debtor pursuant to a court order. *Ehsani*, 160 Wn.2d at 589. The court order was subsequently vacated and the judgment debtor sought restitution from the lawyer under RAP 12.8. *Ehsani*, 160 Wn.2d at 589. The court determined that restitution under RAP 12.8 was unavailable because the lawyer's fee was paid for services rendered under an agreement with the judgment creditor, and therefore the lawyer's retention of the fee was not unjust. *Ehsani*, 160 Wn.2d at 595.

Here, Realty Pro's actions to facilitate the sale of Guardado's home were taken pursuant to its agreement with the special master and a valid court order. In *Ehsani*, the lawyer was paid under a preexisting agreement with the judgment creditor. *Ehsani*, 160 Wn.2d at 595. Similarly, here, Realty Pro was paid under an agreement with the special master and the court specifically ordered that Realty Pro (and the special master) were to be paid from the proceeds of the sale. It is undisputed that Realty Pro abided by the court order to sell the house. Additionally, like the lawyer in *Ehsani*, Realty Pro rendered services that entitled it to payment. Because Realty Pro acted under an agreement with the special master and pursuant to a valid court order at that time, and rendered

services for its fee, it was not unjust for it to retain its fee. *See Ehsani*, 160 Wn.2d at 594-95. Therefore, Guardado is not entitled to restitution from Realty Pro under RAP 12.8.

Guardado has failed to raise genuine issues of material fact showing he is entitled to restitution under RAP 12.8. Based on the facts provided, no reasonable person would find Guardado is entitled to restitution under RAP 12.8. Therefore, we affirm the superior court's dismissal of his RAP 12.8 restitution claim against Realty Pro.

## III.  UNJUST ENRICHMENT

Guardado also alleges that Realty Pro was unjustly enriched by retaining its $10,000 commission. He argues that there are genuine issues of material fact regarding Realty Pro's payment because Realty Pro may have acted in bad faith and violated its professional responsibilities. We disagree.

To prevail in an unjust enrichment claim, Guardado must prove three elements: "(1) the defendant received a benefit, (2) the received benefit [was] at the plaintiff's expense, and (3) the circumstances [made] it unjust for the defendant to retain the benefit without payment." *See Young v. Young*, 164 Wn.2d 477, 484-85, 191 P.3d 1258 (2008). But when a party retains a benefit it is owed, such retention is not unjust. *Lynch v. Deaconess Med. Ctr.*, 113 Wn.2d 162, 165-66, 776 P.2d 681 (1989).

As to the first element of unjust enrichment, it is undisputed that the Taylors, who bought Guardado's home, paid Realty Pro its $10,000 commission. Because the Taylors, not Guardado, conferred a benefit on Realty Pro, Guardado fails to meet this first element.

As to the second element, that the received benefit was at Guardado's expense, Guardado cannot prove this element because the Taylors paid Realty Pro's commission. The benefit Realty Pro received was not at Guardado's expense because he did not provide the benefit.

As to the third element, it was not unjust for Realty Pro to keep its commission because it was entitled to payment for rendering its services. Realty Pro facilitated the sale of Guardado's home at the direction of the court and pursuant to an agreement with the special master. Realty Pro conferred with Guardado, the special master, and Diana Guardado regarding the details of the sale. Ultimately, Realty Pro found a buyer at a price mandated by the court. Realty Pro received payment for services under an agreement with the special master, who was retained on behalf of Diana. And the superior court specifically ordered that Realty Pro was to be paid out of the sale proceeds. Guardado fails to provide facts showing Realty Pro unjustly retained its fee.

Guardado has failed to raise genuine issues of material fact showing he is entitled to repayment of Realty Pro's fee. Based on the facts provided, no reasonable person would find Guardado is entitled to recovery. Therefore, we affirm the superior court's dismissal of his unjust enrichment claim.

No. 53636-6-II

CONCLUSION

We affirm the Clark County Superior Court's orders granting dismissal and denying reconsideration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

WORSWICK, J.

CRUSER, J.

12